LUPO MEGLIO *v.* CATHERINE COMEAU

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued January 2—decided February 27, 1951

*William L. Beers,* with whom was *Alfred F. Celentano,* for the appellant (plaintiff).

*David M. Reilly, Jr.,* with whom, on the brief, were *Edward L. Reynolds* and *David M. Reilly,* for the appellee (defendant).

JENNINGS, J. The plaintiff sued the defendant for damages for personal injuries. He claimed that they resulted from her negligence in the maintenance of a building owned by her. She pleaded what amounted to a general denial and a special defense of contributory negligence. There was a general verdict for the defendant. The plaintiff's appeal is concerned with the charge and with the submission of an interrogatory.

The plaintiff offered evidence to prove and claimed that he had proved the following facts: The defendant's building was occupied by two stores with tenements over them. One of the stores was a tailor shop with a toilet appurtenant. The only access to it was through a common passageway and by a turn to the right into a smaller hallway. There were doors at opposite sides of this hallway. One led to the toilet, the other to the cellar. Both swung into the hall. On the afternoon of January 12, 1948, the plaintiff entered the tailor shop to get a pair of trousers. With the consent of the tailor he went into the back hall to go into the toilet. There was a light fixture in the toilet but the light was not lighted at the time in question. The hallway was dark. He entered the cellar doorway, fell to the bottom of the stairs and was injured. There were no barriers to the cellar door and the two doors could easily be mistaken one for the other.

The defendant did not dispute ownership or the physical layout but submitted the following claims of proof: The hallway was reasonably well lighted by daylight. The cellar door was equipped with a coil spring which kept the door closed when not in use. Unknown to the defendant, the plaintiff had been in this back hallway and toilet on previous occasions. He was familiar with the whole layout, including the situation as to the light in the toilet. He was over seventy years of age and had a physical condition which made him walk with an unsteady gait and caused violent jerking throughout his frame. Because of this he had not been allowed to go to the toilet alone but was always accompanied by the tailor or one of his assistants. On the day in question, neither the tailor nor his assistants knew of the projected trip. The plaintiff opened the cellar door and then fell down the stairs. He was guilty of contributory negligence.

As stated above, the answer contained two defenses. It denied negligence and, in a special defense, pleaded contributory negligence. Under General Statutes, Sup. 1939, § 1399e (Rev. 1949, § 7836) the burden of pleading and proving contributory negligence was on the defendant. No exception was taken to that portion of the charge which discussed this subject. The errors claimed in the charge had to do exclusively with the plaintiff's status as a business visitor. Under these circumstances, it may be assumed that the charge on contributory negligence was correct. A primary question, therefore, is whether a general verdict can be sustained by a correct charge on one of two defenses, regardless of the correctness of the instructions as to the other. The Connecticut rule may be stated as follows: If there is no error in the instructions as to one of two distinct defenses, a general verdict for the de-

fendant should be sustained. *McGuire* v. *Hartford Buick Co.*, 131 Conn. 417, 418, 40 A. 2d 269; *Lorenc* v. *Hartford Hospital*, 127 Conn. 194, 197, 15 A. 2d 313; *Knight Realty Co.* v. *Caserta*, 126 Conn. 162, 167, 10 A. 2d 597; *Ziman* v. *Whitley*, 110 Conn. 108, 115, 147 A. 370; *World Fire & Marine Ins. Co.* v. *Alliance Sandblasting Co.*, 105 Conn. 640, 646, 136 A. 681; see *Sites* v. *Haverstick*, 23 Ohio St. 626. To qualify under this definition, the defenses must be distinct. That is the decisive test. *Ziman* v. *Whitley*, supra. There is some conflict in the authorities. 3 Am. Jur. 564, § 1009. The *Ziman* case reviewed the Connecticut authorities at length and the doctrine was reaffirmed in the *Knight* case. The question must be considered settled in this jurisdiction.

The final question on this issue is whether the rule should be applied in the case at bar. The defense of contributory negligence is logically distinct from that of a denial of negligence. If the defendant prevailed on either she was entitled to be exonerated. The fact that only one transaction was under investigation makes no difference. The analogy to the factual situation in the *Knight* case is complete. There the transaction concerned the commission on a sale of a piece of real estate. The defenses were (1) no offer on the terms alleged and (2) offer withdrawn. These defenses were certainly as closely connected with each other and the main transaction as were those in the case at bar. The rule applies, and the general verdict for the defendant has sufficient support under the allegations of contributory negligence without reference to the charge on negligence.

There remains a ruling on the submission of an interrogatory over the plaintiff's objection. After the arguments were concluded, the defendant requested that an interrogatory be submitted to the jury. The

plaintiff objected on the grounds that the request should have been made before argument and that he was entitled to argue its significance to the jury. In spite of his objections, the interrogatory was submitted to the jury at the close of the charge without comment, except for a direction that it be answered "Yes" or "No." It read: "Did the plaintiff open the door at the top of the cellar stairs before he fell down these stairs?" The answer was "Yes."

The information sought concerned a subordinate fact as distinguished from an ultimate conclusion. The trial court has a wide discretion in allowing interrogatories of this type. *Rogoff* v. *Southern New England Contractors Supply Co.,* 129 Conn. 687, 693, 31 A. 2d 29; *Ford* v. *Dubiskie & Co.,* 105 Conn. 572, 581, 136 A. 560. Even so, in the absence of compelling reasons for a different course, the procedure outlined in *Keeler* v. *General Products, Inc.,* 137 Conn. 247, 252, 75 A. 2d 486 (decided after the trial of the case at bar), should be followed. For obvious reasons, the request for interrogatories should be made before argument, and counsel should be given an opportunity to make proper comment thereon. The interrogatory submitted in the case at bar concerned an important point, but according to the finding the plaintiff made no claim that the door was open and the defendant secured an admission from him that he opened it. Under all the circumstances, we cannot hold that the action of the trial court constituted reversible error.

There is no error.

In this opinion the other judges concurred.