MARY E. HASLER *v.* T. H. CANTY AND COMPANY, INC.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued October 9—decided November 13, 1951

*Leo Nevas,* with whom were *Alan H. Nevas* and, on the brief, *Morris Robinson,* for the appellant (plaintiff).

*Philip B. Lyster,* with whom, on the brief, was *George N. Foster,* for the appellee (defendant).

BALDWIN, J. This is an appeal from the denial of a motion to set aside a defendant's verdict and from the judgment, alleging errors in the charge. The complaint set out a cause of action based upon negligence and nuisance, but the claim of nuisance was not pressed. The answer was a general denial with a special defense alleging contributory negligence.

The jury could reasonably have found the following facts: The plaintiff was employed as a secretary in an office on the second floor of a building owned by the

defendant on Wall Street in Norwalk. The door to the office was in the middle of the end of a long hallway. A rubber runner three feet in width extended from the doorway down the hall, which was about ten feet wide. The floor was bare for a space three feet five inches wide on one side of the runner and three feet three inches wide on the other. The floor in the hallway had been in bad. condition for a long time. On the weekend before the plaintiff was injured the defendant had caused the floor to be sanded, shellacked and waxed and the rubber runner relaid. The uncovered portion of the waxed floor was hard but it was not slippery and greasy, as claimed by the plaintiff. She knew that the floor had been recently waxed and was aware of the condition. About noontime on Thursday, August 29, 1946, she opened the door of the office and stepped out, intending to go down the hallway. She did not open the door wide enough to step onto the rubber runner with both feet but put one foot on the waxed floor, slipped and fell, injuring herself. Since, upon the evidence, it cannot be said as a matter of law that the defendant was negligent or that the plaintiff was free from contributory negligence, the denial of the motion to set aside the verdict was correct. *Logan* v. *Jackson*, 137 Conn. 436, 437, 78 A. 2d 341.

The plaintiff also assigns error in the charge on the issue of contributory negligence. The claims of proof indicate that the parties were at issue on both negligence and contributory negligence. The verdict was a general one. In spite of this, the plaintiff claims that the case was decided on the sole issue of contributory negligence. She points to the fact, found by the court, that the jury, after deliberating more than one hour and a half, returned to the courtroom, at their own request, for further instructions, but only upon the

law relating to contributory negligence. She argues that, because the court had instructed the jury that they must find the defendant negligent before considering the question of contributory negligence, it must be assumed that they followed the court's directions, and that therefore their request for further instructions restricted to the law concerning contributory negligence established that they had already resolved the issue of negligence against the defendant. This argument is ingenious but unsound. No such assumption can be made. No interrogatory was submitted, nor was any special verdict returned. See *Ziman* v. *Whitley*, 110 Conn. 108, 115, 147 A. 370; *Lorenc* v. *Hartford Hospital*, 127 Conn. 194, 197, 15 A. 2d 313; *Ross* v. *Koenig*, 129 Conn. 403, 405, 28 A. 2d 875. The verdict, being general, imported that the issues of fact on both defenses were resolved in favor of the defendant. *World Fire & Marine Ins. Co.* v. *Alliance Sandblasting Co.*, 105 Conn. 640, 646, 136 A. 681; *Whipple* v. *Fardig*, 109 Conn. 460, 462, 146 A. 847; *Beauton* v. *Connecticut Light & Power Co.*, 125 Conn. 76, 83, 3 A. 2d 315. The rule is now well established that, when there are two or more distinct defenses upon which the parties are at issue, a general verdict will stand if it can be supported on the basis of any one of them, regardless of error in the charge pertaining to the others. *Meglio* v. *Comeau*, 137 Conn. 551, 553, 79 A. 2d 187, and cases cited. *Gipstein* v. *Kirshenbaum*, 118 Conn. 681, 174 A. 261, cited by the plaintiff, is distinguishable. In that case the defense was based upon contributory negligence alone. Id., 687. Consequently, any error in the charge on the law relating thereto vitiated the sole support of the verdict.

There is no error.

In this opinion the other judges concurred.