ANTONIO GENNALLO ET AL. *v.* RAYMOND D. MAZZACANE, ADMINISTRATOR (ESTATE OF RICHARD MAZZACANE)

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued October 8—decided December 17, 1957

*Bernard J. Virshup,* with whom, on the brief, were *Edwin H. Hall, Thomas P. Hackett* and *Philip Baroff,* for the appellants (plaintiffs).

*John E. McNerney,* with whom, on the brief, were *Francis J. Moran* and *Albert R. Moquet,* for the appellee (defendant).

DALY, J. The named plaintiff, hereinafter referred to as the plaintiff, brought this action against Raymond D. Mazzacane, administrator of the estate of Richard Mazzacane, to recover damages for personal injuries alleged to have been caused on December 29, 1953, by the negligence of Richard Mazzacane, who died three days later and is hereinafter referred to as the decedent. The Connecticut Company, the plaintiff's employer, intervened as coplaintiff. In his answer, the defendant denied the plaintiff's allegation that the decedent was negligent and that his negligence was a proximate cause of the plaintiff's injuries. The defendant alleged, also, that the plaintiff was guilty of contributory negligence which was a proximate cause of his injuries. The case was tried to the jury, who returned a verdict in favor of the defendant. The court refused to set it aside and the plaintiff has appealed from the judgment.

In his first assignment of error the plaintiff claims that the court erred in denying his motion to set the

verdict aside, contending that the verdict was not supported by the evidence and is against the law.

The evidence most favorable to the defendant would reasonably have permitted the jury to find the following facts: On December 29, 1953, at about 6:30 a.m., the plaintiff, a bus driver, was operating a Connecticut Company bus on the left-hand side of the northbound lane of Whitney Avenue in Hamden at a speed of thirty miles per hour. The road was slippery, there being ice on it and no sand. There were no cars parked along the east side of Whitney Avenue. The decedent was operating his car southerly on Whitney Avenue. It was slowly sliding sidewise toward the east. The bus was then about 175 feet away. The plaintiff continued to operate the bus northerly near the center line of the highway. He did not change its speed and made no attempt to turn it one way or the other. There was space for the bus to pass to the east of the decedent's car. The car and bus collided on the easterly half of the highway, the front left side of the car striking the front left side of the bus. After the collision the bus proceeded ahead about 125 feet. It came to a stop at the curb on the east side of Whitney Avenue. The decedent's car spun around two or three times on the west side of the highway and came to a stop, facing toward the east, 100 feet south of the bus. The bus was at all times on the right side of Whitney Avenue, facing north; that is, it was at all times east of the solid, double white center lines.

A verdict of a jury prevails unless it is unsupported by the evidence or is so palpably against the evidence as to indicate prejudice, partiality, corruption, confusion or lack of understanding of the issues by the jury. The conclusion of a jury on issues of fact, if it is one which honest men acting fairly and in-

telligently could arrive at reasonably, must stand, even though the opinion of the trial court and this court might be that a different result should have been reached. The credibility of each witness and the weight to be accorded his testimony are for the jury, and the evidence must be given the most favorable construction in support of the verdict of which it is reasonably capable. *Harris* v. *Clinton,* 142 Conn. 204, 209, 112 A.2d 885; Maltbie, Conn. App. Proc. (2d Ed.) § 189. Since, upon the evidence, it cannot be said as a matter of law that the decedent was negligent or that the plaintiff was free from contributory negligence, the denial of the motion to set aside the verdict was correct. *Hasler* v. *T. H. Canty & Co.,* 138 Conn. 343, 345, 84 A.2d 577.

In other assignments of error the plaintiff asserts that the court erred in charging the jury upon the question of the decedent's negligence. As stated above, the defendant, in addition to denying that the decedent was negligent and that his negligence was a proximate cause of the plaintiff's injuries, alleged that a proximate cause of those injuries was the plaintiff's own negligence. The verdict, being general, imported that the issues of fact on both defenses were resolved in favor of the defendant. When there are two distinct defenses upon which the parties are at issue, a general verdict will stand if it can be supported on the basis of one of them, regardless of error in the charge pertaining to the other. *Hasler* v. *T. H. Canty & Co.,* supra, 346. Consequently, we have no occasion to consider the claimed errors in the charge which relate to the issue of the decedent's negligence.

The plaintiff assigns as error the court's refusal to find that he offered evidence to prove and claimed to have proved certain facts, asserted to be material,

as set forth in the draft finding. In other assignments of error he contends that the court erred in finding that he offered evidence to prove and claimed to have proved certain facts as set forth in the finding. The finding in a case tried to the jury does not establish the facts. *Marks* v. *Dorkin,* 104 Conn. 660, 662, 133 A. 915. It is merely a narrative of the facts claimed to have been proved on either side, made for the purpose of fairly presenting any claimed errors in the charge or rulings of the court. The corrections sought by the plaintiff are immaterial to the decision of any questions of law raised on this appeal. *Fierberg* v. *Whitcomb,* 119 Conn. 390, 392, 177 A. 135; *Delfino* v. *Warners Motor Express,* 142 Conn. 301, 302, 114 A.2d 205.

There is no error.

In this opinion the other judges concurred.