ROSEMARY M. KELLY ET AL. v. JULIA L. BLISS

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued November 5—decided December 8, 1970

*D. Michael Hurley,* with whom, on the brief, were *Leon RisCassi* and *William R. Davis,* for the appellants (plaintiffs).

*Andrew J. O'Keefe,* with whom was *A. Lucille Matarese,* for the appellee (defendant).

SHAPIRO, J. This is a negligence action, brought in three counts, in which Rosemary M. Kelly, the plaintiff operator of an automobile, and Kathleen Kelly, her passenger, sustained injuries allegedly as the result of a collision with the defendant's car and wherein the husband of the plaintiff operator sought damages for medical expenses which he incurred in behalf of his wife. The defendant, Julia L. Bliss, denied all the allegations of negligence and pleaded contributory negligence as against the plaintiff operator. In the course of the trial, the court granted the defendant's motion to amend her answer to plead contributory negligence against the passenger, Kathleen Kelly. The jury returned a general verdict in favor of the defendant. The plaintiffs have appealed from the judgment rendered on the verdict and have assigned error in the denial of their motion to set aside the verdict, in the finding, in the charge to the jury, in the granting of the defendant's motion to amend her answer by adding a special defense, in the denial of their motion to strike that special defense, in the striking out of a portion of that special defense, and in overruling the plaintiff passenger's demurrer to that special defense.

We first consider the plaintiffs' claim that the trial court erred in denying their motion to set aside the verdict. A general verdict in the defendant's favor imports that all issues submitted to the

jury were found in her favor. *Bradley* v. *Niemann,* 137 Conn. 81, 83, 74 A.2d 876. If the jury could reasonably have found for the defendant on the issue of her negligence, this would suffice to support the verdict. Ibid.

In reviewing the action of the trial court in denying the plaintiffs' motion to set aside the verdict, we consider the evidence in the light most favorable to the sustaining of the verdict. *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 499, 208 A.2d 748; *Kazukynas* v. *N. C. Casciano & Sons, Inc.,* 149 Conn. 1, 2, 174 A.2d 796; Maltbie, Conn. App. Proc. § 189. The court's action is tested by the evidence contained in the appendices to the briefs. Practice Book §§ 716, 718, 720–21; *Smith* v. *Housing Authority,* 144 Conn. 13, 14, 127 A.2d 45; Maltbie, Conn. App. Proc. § 185, p. 227.

The jury could reasonably have found that Kinsley Street, a four-lane highway in Hartford, is approximately forty-four feet wide, providing two lanes for eastbound and two for westbound traffic. On June 13, 1964, at about 12:05 p.m., it was raining and the pavement was very wet. Mrs. Kelly exited from a parking garage on the southerly side of Kinsley Street in order to make a left turn and entered the defendant's lane of travel when the Bliss car was about fifteen feet from her vehicle. At this time, the defendant, who had been proceeding westerly on Kinsley Street, was driving at a speed of twenty to twenty-five miles per hour. She applied her brakes and skidded four feet into the left rear of the Kelly car.

The complaint charged the defendant operator with negligence in operating at an excessive speed, in failing (1) to have control, (2) to apply her brakes in time to avoid a collision, (3) to keep a

proper lookout, (4) to sound her horn or give a warning, and (5) to turn left or right to avoid the collision, and in following too closely in violation of General Statutes § 14-240. The jury could reasonably have found that the defendant operator was not negligent in any way alleged in the complaint. The refusal of the trial court, which saw and heard the parties and their witnesses, to disturb the verdict is entitled to weighty consideration in this court. *Kazukynas* v. *N. C. Casciano & Sons, Inc.,* supra, 4; *Giambartolomei* v. *Rocky DeCarlo & Sons, Inc.,* 143 Conn. 468, 474, 123 A.2d 760. The court did not err in denying the plaintiffs' motion to set aside the verdict.

The plaintiffs assign error in the refusal of the court to add certain facts to the defendant's claims of proof. There was no error in the ruling of the court. The usual rule is applicable that a litigant in a jury case may not force into the claims of proof of his adversary factual matters which are objectionable to the latter and upon which he does not rely. *Franks* v. *Lockwood,* 146 Conn. 273, 276, 150 A.2d 215; *Turner* v. *Scanlon,* 146 Conn. 149, 151, 148 A.2d 334; *Salvatore* v. *Hayden,* 144 Conn. 437, 439, 133 A.2d 622; Maltbie, Conn. App. Proc. § 160.

Error is claimed in the court's failure to charge the jury in accordance with two requests relating to the issue of the defendant's liability to the plaintiff passenger. As we stated earlier, in addition to denying this plaintiff's allegations of negligence, the defendant pleaded a special defense of contributory negligence and thus interposed two distinct defenses. Also, as stated earlier, the jury rendered a general verdict in favor of the defendant, and, for that reason, all the issues are presumed to have been found in her favor. *Royal Homes, Inc.* v. *Da-*

*lene Hardwood Flooring Co.,* 151 Conn. 463, 466, 199 A.2d 698; *Bradley* v. *Niemann,* 137 Conn. 81, 83, 74 A.2d 876. While the plaintiffs excepted to a portion of the court's charge relating to the issue of the defendant's negligence and assigned error with respect to that portion, the plaintiffs have not pursued this assignment of error in their brief. Under these circumstances, we assume that the charge on the defendant's negligence was correct. "[W]hen there are two or more distinct defenses upon which the parties are at issue, a general verdict will stand if it can be supported on the basis of any one of them, regardless of error in the charge pertaining to the others. *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A.2d 187." *Hasler* v. *T. H. Canty & Co.,* 138 Conn. 343, 346, 84 A.2d 577; *Begley* v. *Kohl & Madden Printing Ink Co.,* 157 Conn. 445, 453, 254 A.2d 907; Maltbie, Conn. App. Proc. § 56. In view of the general verdict, the jury could have found that the defendant was not negligent.

Further assignments of error are directed to the court's charge to the jury. Although the plaintiffs took various exceptions to the charge, among those pressed in their brief, we limit our consideration to those relating to comments on the duty of care of the plaintiff passenger and to the credibility to be accorded to the testimony of a police officer. In the light of our determination that the charge on the defendant's negligence is assumed to be correct and that the jury could reasonably have found no negligence on the part of the defendant, we have no need to discuss the claim related to the duty of care of the plaintiff passenger. As to the testimony of a police officer, the plaintiffs have extracted portions of the charge. When, however, it is considered in its entirety, the court's charge adequately

and correctly explained the weight to be accorded to witnesses, including a police officer. See *Domenick v. Wilbert Burial Vault Co.*, 149 Conn. 381, 387, 180 A.2d 290; *Virelli v. Benhattie, Inc.*, 146 Conn. 203, 210, 148 A.2d 760.

In view of our finding that under the general verdict the jury could reasonably have found the issue of liability in favor of the defendant, the remaining assignments of error warrant no discussion.

There is no error.

In this opinion the other judges concurred.