CAROLYN BURCAW ET AL. *v*. TIMOTHY SYKORA

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued June 8—decision released June 28, 1977

*Edgar P. DeVylder, Jr.*, with whom, on the brief, was *Morgan P. Ames*, for the appellants (plaintiffs).

*Paul E. Pollock*, for the appellee (defendant).

PER CURIAM. This is an appeal by two of five plaintiffs from a judgment of the Superior Court rendered on a verdict for the defendant in an action arising from a motor vehicle collision which occurred on July 13, 1971. The basic issues at the trial were the merits of the plaintiffs' allegations of negligence on the part of the defendant driver and the defendant's allegations of contributory negligence on the part of the plaintiff driver, who was allegedly operating the automobile as the agent of the other plaintiff, the owner of the car.

Although the plaintiff driver and the plaintiff owner both appealed, only the plaintiff driver submitted a brief. She asserted two claims of error—that the verdict should have been set aside as against the evidence and that the court erred in its charge concerning the application of § 14-231 of the General Statutes, which provides that vehicles proceeding in opposite directions should pass to the right of each other.

There was ample evidence to support a finding by the jury that the defendant was not negligent or that, if he were, the plaintiff driver, in operating at excessive speed, was contributorily negligent. The verdict was a general one and the presumption is that the jury found all the issues for the defendant. *Harry A. Finman & Son, Inc.* v. *Connecticut Truck & Trailer Service Co.*, 169 Conn. 407, 410, 363 A.2d 86; *Bradley* v. *Niemann,* 137 Conn. 81, 83, 74 A.2d 876. The denial of the motion to set aside the verdict as against the evidence was fully justified.

We find no error in the court's charge and even if there were, since it related to the question of the plaintiff driver's contributory negligence, the general verdict must stand. "If there is no error in the instructions as to one of two distinct defenses, a general verdict for the defendant should be sustained." *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A.2d 187.

There is no error.