THOMAS J. MESSINA v. LINDA M. IANNUCCI ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, JS.

Argued December 8, 1977—decision released February 21, 1978

---

*Jerrold W. Engelman,* with whom, on the brief, was *Samuel Engelman,* for the appellant (plaintiff).

*Ralph F. Scofield,* for the appellee (defendant).

PER CURIAM. The plaintiff is appealing from a judgment rendered on a verdict against him in this automobile negligence action. It was undisputed that on March 3, 1972, the defendant Linda M. Iannucci was driving west on Arctic Street in Bridgeport in an automobile owned by her father, the defendant Benjamin Iannucci, when she struck the rear of the plaintiff's taxicab. The defendants denied negligence, and pleaded contributory negligence as a special defense. The parties presented widely divergent accounts of the circumstances of the accident.

The plaintiff has confined his appeal to an attack upon the charge of the court. He assigns error in the court's instructions concerning both the defendant operator's negligence and his contributory negligence. The jury returned a general verdict for the defendants, which imports that the issues of fact on both defenses were found in favor of the defendants. *Gennallo* v. *Mazzacane,* 144 Conn. 686, 689, 137 A.2d 534. "In order that there may be a reversal, therefore, it must appear that the charge was erroneous as it related both to the subject of the defendant's negligence and to the subject of the plaintiff's contributory negligence. *Hasler* v. *T. H. Canty & Co.,* 138 Conn. 343, 346, 84 A.2d 557; *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A.2d 187. Accordingly, if we find no error in so much of the charge as related to contributory negligence, it will not be

necessary to consider any of the claims of error in the instructions concerning the question of the defendant's negligence." *Ippolito* v. *Stafford,* 141 Conn. 372, 374, 106 A.2d 470.

The plaintiff contends that in two respects the court erred in instructing the jury on the application of motor vehicle statutes to the plaintiff's contributory negligence. Quoting relevant portions of General Statutes § 14-251[1] to the jury, the court said "lane" and "wheel" instead of "side" and "wheels." These minor misstatements favored the plaintiff and could not possibly have confused the jury. See Maltbie, Conn. App. Proc. § 39. The evidence presented by the parties was definitely conflicting. The plaintiff claimed to have been parked six to seven inches away from the curb when the defendants' car struck his taxicab. The defendants claimed that the plaintiff made a sudden stop in the roadway.

The court also called the jury's attention to General Statutes § 14-36 (c)[2] as possibly bearing on the

[1] Section 14-251 provides, in pertinent part: "No vehicle shall be permitted to remain stationary . . . upon the traveled portion of any highway except upon the right-hand *side* of such highway in the direction in which such vehicle is headed; and, if such highway is curbed, such vehicle shall be so placed that its right-hand *wheels,* when stationary, shall, when safety will permit, be within a distance of twelve inches from the curb. . . . No vehicle shall be permitted to remain stationary within the limits of a public highway in such a manner as to constitute a traffic hazard or obstruct the free movement of traffic thereon . . . ." (Emphasis added.)

[2] Section 14-36 (c) provides: "No person shall operate a motor vehicle in any manner in violation of the limitations imposed in a limited license issued to him. No person to whom a limited operator's license has been issued shall operate any motor vehicle or motor vehicles other than the motor vehicle or motor vehicles to which his right to operate has been limited. No person shall operate a motor vehicle in violation of the classification imposed in the license issued to him."

plaintiff's contributory negligence. This was an obvious error. There was no allegation or evidence that the plaintiff was in violation of the statute. Rather, the defendant Linda M. Iannucci admitted that she had a provisional driver's license with an optical restriction and was not wearing glasses when the accident occurred. Under these circumstances the jury could not have been confused; the error was harmless.

The plaintiff lastly claims that the court imposed an excessively high standard of conduct on him by charging the jury that "[e]ven the *slightest degree of contributory negligence* on the part of Messina, which is a substantial factor in producing his injuries and losses, bars him from recovering money damage from Linda Versal [Iannucci]." (Emphasis added.) This was a correct statement of the law as it stood at the time of the accident in question and before the statutory adoption of the principles of comparative negligence. See General Statutes § 52-572h. See *Ippolito* v. *Stafford,* supra, 376–77; *Petrillo* v. *Kolbay,* 116 Conn. 389, 394, 165 A. 346.

"Although a charge may not be exhaustive, perfect or technically accurate, it will ordinarily be sustained if it is correct in law, adapted to the issues and sufficient for the guidance of the jury. *Castaldo* v. *D'Eramo,* 140 Conn. 88, 94, 98 A.2d 664; Maltbie, Conn. App. Proc. § 76." *Michaud* v. *Gagne,* 155 Conn. 406, 412, 232 A.2d 326. The charge, taken as a whole, fairly presented the subject of contributory negligence to the jury. See *State* v. *Roy,* 173 Conn. 35, 40, 376 A.2d 391. Especially in view of the plaintiff's failure to request a charge or to except

specifically to the elements of the charge now attacked; Practice Book § 249; *Tough* v. *Ives,* 162 Conn. 274, 286, 294 A.2d 67; we find no reversible error.

There is no error.