## Silas T. Johnson *v.* Catello Pagano

Bogdanski, C. J., Peters, Healey, Parskey and Armentano, Js.

Argued May 7—decision released July 14, 1981

*Herbert Watstein,* with whom, on the brief, was *Julius Watstein,* for the appellant (plaintiff).

*Jon S. Berk,* with whom, on the brief, was *Thomas P. Barrett,* for the appellee (defendant).

Per Curiam. This is an appeal from an action brought by the plaintiff seeking to recover damages for personal injuries. The jury returned a verdict for the defendant. From that judgment, the plaintiff has appealed.

The jury had the following evidence before it. On July 4, 1971, the plaintiff and his wife were guests of Bud and Theresa Lawrence. Mr. Lawrence arranged for the defendant to take them and their guests by boat from Westbrook to Clinton Beach for some bathing. It was a hot, sunny and calm day at the shoreline. Westbrook and Clinton are adjacent towns on the Connecticut shore. Long Island Sound is a navigable body of water.

Along the way, and when about 300 feet from the shore, the boat suddenly stopped, striking a sand-

bar. The defendant asked Mr. Lawrence to assist him in getting the outboard motor out of the sand. They entered the water, lifted the engine out of the sand, and pulled the boat closer to shore. The water at this point was about twelve inches deep. The plaintiff's wife entered the water and said to Mr. Lawrence, "there's no water here. . . . It's only up to my ankles. I can't go swimming."

Meanwhile, the plaintiff, who was sitting in the bow of the boat next to Mr. Lawrence, stood up and said he was going to dive into the water. Both Mrs. Lawrence and the plaintiff's wife, who was standing in the water, tried to stop him. Nevertheless, the plaintiff dove in and in so doing injured his cervical spine.

At oral argument the plaintiff withdrew the second count sounding in nuisance. We thus concern ourselves with the first count only, dealing with a cause of action in negligence. The allegations of negligence raised the issue concerning the duty of the defendant to warn the plaintiff not to dive into shallow water.

In answer to the complaint, the defendant denied being negligent and, by way of special defense, alleged that the plaintiff was negligent and assumed the risk of diving into shallow water when he dove from the defendant's boat.

The plaintiff takes issue with the adequacy of the court's charge as to negligence, contributory negligence[1] and assumption of risk. The jury returned

---

[1] The court charged the jury in accordance with General Statutes § 52-572h (a). Under this statute, if the plaintiff's contributory negligence is greater than the combined negligence of the person or persons against whom recovery is sought, it bars the plaintiff from recovery. The plaintiff claims that the court erred in failing

a general verdict for the defendant. No interrogatories were requested. There is therefore a presumption that the jury found every issue in favor of the defendant. *Burcaw* v. *Sykora,* 173 Conn. 229, 230, 377 A.2d 298 (1977). One of the defenses raised by the defendant's answer was a denial of any negligence. Thus, if any of the court's instructions are shown to be proper and adequate as to any one of the defenses raised, the general verdict will stand irrespective of any error in the charge as to the others. *Kelly* v. *Bliss,* 160 Conn. 128, 132, 273 A.2d 873 (1970); *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A.2d 187 (1951).

The plaintiff maintains that the charge on reasonable care did not provide the jury with sufficient guidance. Practice Book § 3060F (c) (2) provides, in part: "When error is claimed in the charge to the jury, the brief shall include a verbatim statement of all relevant portions of the charge." A comparison of the charge as reprinted in the plaintiff's brief and the charge as actually given by the court shows that the plaintiff omitted relevant portions of the charge.[2] We cannot condone this prac-

to charge on the admiralty law of comparative negligence, despite the fact that the accident occurred in navigable waters. He claims that under admiralty law, contributory negligence is not a bar to recovery, but may be shown in mitigation of damages.

Practice Book § 3060F (c) (1) provides in part that, when error is claimed in the trial court's refusal to charge as requested, the party claiming such error "shall print in his brief a verbatim statement of the relevant portions of the charge as requested." This was not done. For this reason, and because of our disposition of the general verdict issue, we do not consider this claim of error. See *Savarese* v. *Hart,* 183 Conn. 416, 417–18, 439 A.2d 386 (1981).

[2] The plaintiff in his brief reprints the following portion of the charge: "The defendant, Catello Pagano, as the boat owner, owed plaintiff a duty of reasonable care. That is the care which a reasonably prudent person would have exercised under similar circumstances including a duty to warn plaintiff of any danger reasonably

tice. Nevertheless, we have examined the court's charge as to reasonable care and find that it was adequate and sufficient for the guidance of the jury. See *Messina* v. *Iannucci,* 174 Conn. 275, 278, 386 A.2d 241 (1978). Since, under the general verdict doctrine, the jury could reasonably have found the issue of liability in favor of the defendant, the remaining claims of error warrant no discussion.

There is no error.

to be expected by the plaintiff." These sentences, as actually stated by the court, were: "The defendant, Catello Pagano, as the boat owner, owed plaintiff a duty of reasonable care. That is the care which a reasonably prudent person would have exercised under similar circumstances including a duty to warn plaintiff of any danger *not already obvious to the plaintiff or not* reasonably to be expected by the plaintiff." (Emphasis added.)