VITO W. COLUCCI ET AL. *v.* ARMAND PINETTE

SPEZIALE, C. J., PETERS, HEALEY, SHEA and BIELUCH, Js.

Argued October 8—decision released November 17, 1981

*Zbigniew S. Rozbicki,* for the appellants (plaintiffs).

*Richard C. Tynan,* for the appellee (defendant).

ARTHUR H. HEALEY, J. This is an appeal arising out of a negligence action brought by the plaintiff minor, Vito W. Colucci, and his father to recover damages for injuries and expenses resulting when an automobile, operated by the defendant, collided with a bicycle which the plaintiff minor was riding.[1] The defendant pleaded a special defense of contributory negligence against the plaintiff minor. The jury returned a verdict for the defendant which the court accepted. The court, *Pickett, J.,* subsequently denied the plaintiffs' motions in arrest of judgment, to set aside the verdict and for a new trial. This appeal followed.

---

[1] The substituted complaint set forth two counts. In the first count, the plaintiff minor sought damages for pain and suffering and injuries which he alleged were permanent in nature. In the second count, his father sought damages for expenses alleged to have been incurred and which may be incurred in the future.

The jury could have reasonably found the following facts: On April 25, 1973, at approximately 3:50 p.m., the plaintiff Vito W. Colucci, then a boy fifteen years of age, was riding a bicycle in a southerly direction on South Main Street in Torrington, which is a two lane highway with the northbound and southbound lanes separated by a double yellow line. This highway is located in a neighborhood consisting of a school, private houses, stores and other commercial establishments. He was accompanied by two teenage friends, Michael Criss and Joseph Gulyas, who were also riding bicycles. At that time, the defendant was operating his 1967 Chevrolet automobile in a southerly direction on South Main Street.

Prior to reaching the intersection of South Main and Albert Streets, the plaintiff, Criss and Gulyas had been proceeding in a single file fashion on the right side of the traveled portion of South Main Street. The defendant had passed these bicyclists prior to reaching this intersection. As he slowed his vehicle for a traffic light at the intersection, they passed him on his right, still in single file and about three feet apart. After proceeding through the intersection, the defendant, again intending to pass the bicyclists, sounded his horn as he approached them. When he sounded his horn, the bicyclists were still proceeding in single file with the plaintiff second in line.

At that time, the plaintiff was to the right of the defendant's vehicle but not in front of it. The plaintiff, without looking back to check for traffic, moved his bicycle abreast of Gulyas' bicycle. In doing so he was on the outside and was the closest of the bicyclists to vehicular traffic proceeding southerly

on South Main Street, as was the defendant. As these two bicycles were abreast, the plaintiff removed one hand from his handlebars in order to pass an object back and forth with Gulyas. After the plaintiff removed his hand from the handlebars, his bicycle began to lean toward the middle of the road and then became entangled with Gulyas' bicycle. He then fell toward the center of the road falling either into the right front corner of the defendant's vehicle or directly into its path. Although the defendant applied his brakes and pulled his vehicle to the left, he was unable to avoid colliding with the plaintiff.

The plaintiffs' claims of error are directed to the court's instructions to the jury, particularly to the failure to give their requested charge number seven.[2] They argue that the court erred: (1) in

[2] The plaintiffs' request to charge number 7 stated:

"The operator of an automobile has the duty to use reasonable care to watch out for bicycles. When he approaches a bicycle operated by a child, he must give regard to the immaturity of childhood and realize that the course of the bicycle may change suddenly without signal. (See *Johnson* v. *Shattuck,* 125 Conn. 60, 64 (1938): *Wright and FitzGerald, Connecticut Law of Torts* (2nd Ed.), Section 118.

"It has definitely been established in Connecticut by frequent repetition that the degree of care required of children is 'such care care [sic] as may reasonably be expected of children of similar age, judgment and experience.' *Neal* v. *Shields,* [sic] 166 Conn. 3 at page 11 citing *Marfyak* v. *New England Transportation Co.,* 120 Conn. 46 at 50; *Greene* v. *DiFazio,* 148 Conn. 419.

" 'As the care required of others in relation to children, the same propensity of children has been taken into consideration in evaluating the negligence of these others.' *Neil* v. *Shields,* [sic] supra.

"An operator of a motor vehicle must keep in mind the populous character of the neighborhood and the possibility and likelihood of children and their characteristic lack of appreciation of danger. *Neil* v. *Shields,* [sic] supra. . . . 'children require special consideration.' *Neil* v. *Shields,* [sic] supra.

"In overtaking this bicycle the defendant was bound to bear in mind the characteristics of young children in respect to their non-

## refusing to charge that General Statutes § 14-240

appreciation of danger, and reasonable care on his part under the circumstances required greater care to avoid injury to them than if they were adults better able to help themselves. *Lederer* v. *Connecticut Co.*, 95 Conn. 520, 524, 111 Atl. 785. The court did not err in concluding that the defendant was negligent. *Johnson* v. *Shattuck*, 125 Conn. 60, 62.

"The defendant alleges that the plaintiff swerves suddenly to the left causing the accident in question. The law is that 'the fact that the defendant was negligent is still a ground of recovery rather than a mere condition if the plaintiff's harm results from a hazard because of which the defendant's conduct was negligent.' *Cuneo* v. *Connecticut Co.*, 124 Conn. at 647. In such a situation the defendant's negligence continues 'down to the very moment of the accident.' *England* v. *Watkins Brothers, Inc.*, 122 Conn. 1, at 6. In other words, in the present case, it was the hazard of sudden movement by the bicycle which rendered the defendant's operation of his overtaking automobile without warning, lookout, proper brakes, etc. negligent. *Johnson* v. *Shattuck*, supra.

"If you find that the plaintiff vioalted [sic] a statute in the operation of his bicycle that would not be negligence per se as it would be in the case of a person 16 years of age or older. His conduct should be measured by that reasonably to be expected of a child of similar age, judgment and experience. *Connecticut Law of Torts*, Section 118 at 270, supra. *Santor* v. *Balnis*, 151 Conn. 434, 52-217.

"It has often been said by the Connecticut Court that when operating a vehicle in a congested and populous area, an operator has the duty to anticipate the presence of children upon the street and to be cognizant of their tendency to cross his path suddenly. In effect, this would seem to be an exception to the Connecticut interpretation of the Last Clear Chance doctrine where in the ordinary case no duty arises until the injured party enters the zone of danger. *Wright and FitzGerald, Connecticut Law of Torts*, Section 118 at 269. 'It has been held that the driver of an automobile, seeing two young children on a bicycle, should be aware that the course of the bicycle might change suddenly, without signal. As the court said in that decision: "The law has regard for the immaturity of childhood." ' *Johnson* v. *Shattuck*, 125 Conn. 60, 64."

We have set out this request in full because it clearly does not meet the requirements of Practice Book § 318. That rule, which is entitled "Form and Contents of Requests," provides in relevant part that requests to charge the jury "shall be in separate and numbered paragraphs, each containing a single proposition of law clearly and concisely stated with the citation of authority upon which it is based . . . ." This request hardly meets these criteria.

(a)[3] is applicable to bicycles followed by motor vehicles; and (2) in failing to charge as requested on the standard of care owed to a minor by an adult motorist. The defendant first responds that because the plaintiffs have claimed error in the court's instructions only as they related to the defendant's negligence, and since the jury returned a general verdict, we should conclude, under the general verdict doctrine; see *Johnson* v. *Pagano,* 184 Conn. 594, 595–96, 440 A.2d 244 (1981); see also *Meglio* v. *Comeau,* 137 Conn. 551, 553–54, 79 A.2d 187 (1951); that the jury found for the defendant on the issue of contributory negligence, thereby precluding further review of other claims of error. The defendant also maintains that § 14-240 (a) is inapplicable under the facts of this case and that the court properly instructed the jury on the degree of care which the defendant owed to the plaintiff. .

We have said that a request containing more than one principle of law violates the rule and was properly refused. See, e.g., *Terminal Taxi Co.* v. *Flynn,* 156 Conn. 313, 320, 240 A.2d 881 (1968); Maltbie, Conn. App. Proc. §§ 109, 110. Moreover, requests should not contain argumentative factual claims. See, e.g., *State* v. *Vennard,* 159 Conn. 385, 399, 270 A.2d 837 (1970), cert. denied, 400 U.S. 1011, 91 S. Ct. 576, 27 L. Ed. 2d 625 (1971); *Himmelstein* v. *General Electric Co.,* 144 Conn. 433, 435, 133 A.2d 617 (1957); Maltbie, supra.

The rule also provides that "[r]equests to charge should not exceed fifteen in number unless, for good cause shown, the court permits the filing of an additional number." With this provision, there is no need to include under one numbered paragraph what properly should be set out in more than one request to charge. The rule allows more than fifteen requests if "good cause" is shown.

[3] General Statutes § 14-240, entitled "Vehicles to be driven reasonable distance apart," provides in part: "(a) No driver of a motor vehicle shall follow another vehicle more closely than is reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and weather conditions."

Initially, we note that the jury returned a general verdict for the defendant.[4] Neither party requested interrogatories to be presented to the jury pursuant to Practice Book § 312. "There is therefore a presumption that the jury found every issue in favor of the defendant." *Johnson* v. *Pagano,* supra, 596; *Burcaw* v. *Sykora,* 173 Conn. 229, 230, 377 A.2d 298 (1977); *Gennallo* v. *Mazzacane,* 144 Conn. 686, 689, 137 A.2d 534 (1957). In his answer to the complaint, the defendant denied any negligent conduct on his part and also raised the plaintiff's contributory negligence as a special defense, each of which is a separate and distinct defense. See *Hanken* v. *Buckley Bros., Inc.,* 159 Conn. 438, 442–43, 270 A.2d 556 (1970); *Meglio* v. *Comeau,* supra, 553. The jury's general verdict, which imports that the issues of fact on both defenses were found in favor of the defendant; *Messina* v. *Iannucci,* 174 Conn. 275, 276, 386 A.2d 241 (1978); therefore, might have been premised upon either the absence of any negligence of the defendant or the presence of contributory negligence on the part of the plaintiff. *Kalleher* v.

---

[4] The trial court accepted the following verdict:

"DEFENDANT'S VERDICT

In this case the jury finds the issues for the defendant on the first and second count defendant unanimously not responsible for the accident and the injuries incurred. Consequently no damages in money to be awarded to the plaintiff.

David G. Griggs
Foreman"

It can be readily inferred in this case that where the jury has found the "issues" for the defendant on both counts and also that the defendant was "not responsible for the accident" the jury rendered a general verdict. The verdict contains an intelligible finding so that its meaning is clear; see *Kilduff* v. *Kalinowski,* 136 Conn. 405, 409, 71 A.2d 593 (1950); and is capable of supporting a judgment as required. See *Barnett Motor Transportation Co.* v. *Cummins Diesel Engines of Connecticut, Inc.,* 162 Conn. 59, 67, 291 A.2d 234 (1971); cf. *Labatt* v. *Grunewald,* 182 Conn. 236, 237–38, 438 A.2d 85 (1980).

*Orr,* 183 Conn. 125, 127, 438 A.2d 843 (1981). "Thus, if any of the court's instructions are shown to be proper and adequate as to any one of the defenses raised, the general verdict will stand irrespective of any error in the charge as to the others. *Kelly* v. *Bliss,* 160 Conn. 128, 132, 273 A.2d 873 (1970); *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A.2d 187 (1951)." *Johnson* v. *Pagano,* supra, 596; see *Gennallo* v. *Mazzacane,* supra. The plaintiffs did not and do not take issue with the court's instructions on the issue of contributory negligence.[5] In view of the general verdict, therefore, the jury could have found that the plaintiff was guilty of contributory negligence. Consequently, we have no need to consider the claim that General Statutes § 14-240 (a) applies to bicycles followed by motor vehicles or the claimed error in the charge which relates to the issue of the defendant's negligence. See *Messina* v. *Iannucci,* supra, 276–77; *Kelly* v. *Bliss,* supra, 132; *Gennallo* v. *Mazzacane,* supra, 689.

There is no error.

In this opinion the other judges concurred.

---

[5] The plaintiffs did not expressly take issue with the court's instructions on contributory negligence either at the trial or in oral argument before us. To the extent that the plaintiffs' request to charge obliquely addressed the issue of contributory negligence, the plaintiffs' failure to conform to the requirements of the Practice Book; see footnote 2, supra; allowed the trial court to disregard the request.