PAUL A. LaFLEUR, SR., ADMINISTRATOR (ESTATE OF
PAUL A. LaFLEUR, Jr.) *v.* THE FARMINGTON RIVER
POWER COMPANY ET AL.

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued March 31—decision released June 8, 1982

*George D. Royster, Jr.,* with whom were *Mark Seiger* and, on the brief, *John W. Lemega,* for the appellant (plaintiff).

*Bourke G. Spellacy,* with whom, on the brief, were *Charles Corcoran III* and *Emily G. H. Sullivan* for the appellee (named defendant).

SPEZIALE, C. J. In this wrongful death action, the jury returned a general verdict for the defendant Farmington River Power Company. The plaintiff has appealed from the judgment rendered on the verdict, claiming various errors in the trial court's instructions to the jury.

The jury could reasonably have found the following facts: On July 8, 1974, Paul A. LaFleur, Jr., the plaintiff's decedent, was employed as a tree trimmer by Butler's Nursery in West Hartford. On that date, LaFleur and a fellow employee were on a tree trimming assignment at 186 Hunter Drive in West Hartford, a property owned by Robert E. and Dorothy Beach.[1] Some of the hedges and trees to be trimmed were located in a right-of-way through which the defendant Farmington River Power Company had run high voltage electrical transmission lines. In order to trim a tree located within this right-of-way, LaFleur apparently climbed another tree within the right-of-way, at the same time carrying a fourteen foot, all-aluminum pruning saw. At approximately 9:40 a.m., LaFleur was electrocuted, either by a direct contact of the saw with the wires or by an arcing of electricity from the uninsulated high voltage wires to the tip of the metal blade of the pruning saw. A tree surgeon employed by Butler's Nursery testified that he had taught LaFleur to exercise caution around wires and that three days prior to the accident, he had pointed out to LaFleur the "hot" wires crossing the Beach property. He further testified that the use of an all-aluminum trimmer near wires was improper.

[1] Robert E. and Dorothy Beach were also originally named as defendants. At the trial court's direction the jury returned a verdict for them. The plaintiff has not appealed from the judgment rendered on this verdict.

An expert witness for the defendant power company testified that LaFleur would not have been electrocuted had he been using a pruning saw with a wooden handle.

The plaintiff's substituted complaint contained one count, setting forth a cause of action in negligence. The allegations of negligence raised numerous issues including the defendant's duty to warn, the defendant's failure to trim trees and shrubs within the right-of-way, and the defendant's alleged failure to conform to the requirements of the regulations of the public utilities commission and various provisions of the National Electrical Safety Code.

In answer to the complaint, the defendant denied being negligent and, by way of special defense, alleged that the plaintiff's decedent was contributorily negligent and that such negligence was the cause of his death.[2]

On appeal, the plaintiff has claimed various errors in the trial court's instructions on negligence. In particular, the plaintiff challenges the adequacy of the court's explanation that a violation of applicable regulations[3] or provisions of the National

[2] The trial court, pursuant to General Statutes § 52-572h, instructed the jury on comparative negligence and explained that the contributory negligence of the plaintiff's decedent was not a bar to recovery by the plaintiff unless the contributory negligence amounted to more than half of the negligence which caused the death.

[3] The plaintiff alleged that the defendant Farmington River Power Company was in violation of § 16-11-102 of the regulations of the public utilities commission which, in relevant part, provides: "Accidents (A) Every utility should use every effort to properly warn and protect the public from danger and shall exercise all possible care to reduce the hazard to which employees, customers and others may be subjected by reason of its equipment and facilities." This regulation has previously been interpreted by this court. In *Citerella*

Electrical Safety Code[4] would constitute negligence per se. The plaintiff, however, has not challenged the court's instructions on the special defense of contributory negligence.

As previously noted, the jury returned a general verdict for the defendant. The parties did not request the court to submit interrogatories to the jury "for the purpose of explaining or limiting a general verdict." Practice Book § 312. It is presumed, therefore, that the jury found every issue in favor of the defendant. *Colucci* v. *Pinette,* 185 Conn. 483, 489, 441 A.2d 574 (1981); *Johnson* v. *Pagano,* 184 Conn. 594, 595–96, 440 A.2d 244 (1981); *Kosko* v. *Kohler,* 176 Conn. 383, 385–86. 407 A.2d 1009 (1978); *Burcaw* v. *Sykora,* 173 Conn. 229, 230, 377 A.2d 298 (1977); *Hally* v. *Hospital of St. Raphael,* 162 Conn. 352, 362–63, 294 A.2d 305 (1972); *Kelly* v. *Bliss,* 160 Conn. 128, 131–32, 273 A.2d 873 (1970); *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* 151 Conn. 463, 466, 199 A.2d 698 (1964); 76 Am. Jur. 2d, Trial § 1111. The defendant's denial of negligence and its allegation of contributory negligence constitute two separate and distinct defenses, either one of which could support the jury's general verdict. *Colucci* v. *Pinette,* supra; *Hanken* v. *Buckley Bros., Inc.,* 159 Conn. 438, 442–43, 270 A.2d 556 (1970); *Meglio*

v. *United Illuminating Co.,* 158 Conn. 600, 607–609, 266 A.2d 382 (1969), we concluded that a violation of the regulation would constitute negligence per se, but that the regulation could not be interpreted as requiring the power company "to take precautions which would be unreasonable or which were not possible as a practical matter for a power company to adopt."

[4] The plaintiff alleged that the defendant Farmington River Power Company was in violation of § 214A and § 280A of the National Electrical Safety Code, which were made applicable to the defendant as "minimum requirements" by § 16-11-134 of the regulations of the public utilities commission.

v. *Comeau,* 137 Conn. 551, 553, 79 A.2d 187 (1951). If "the court's instructions are shown to be proper and adequate as to any one of the defenses raised, the general verdict will stand irrespective of any error in the charge as to the others." *Johnson* v. *Pagano,* supra, 596; see *Colucci* v. *Pinette,* supra, 490; *Kosko* v. *Kohler,* supra, 385; *Messina* v. *Iannucci,* 174 Conn. 275, 276–77, 386 A.2d 241 (1978); *Kelly* v. *Bliss,* supra, 132; *Gennallo* v. *Mazzacane,* 144 Conn. 686, 689, 137 A.2d 534 (1957); *Meglio* v. *Comeau,* supra, 553; Maltbie, Conn. App. Proc. § 56.

In this case the plaintiff has not taken issue with the court's instructions on contributory negligence. Because the jury are presumed, as a consequence of their general verdict, to have found for the defendant on its special defense of contributory negligence, we do not consider the plaintiff's claims of error in the instructions on the defendant's negligence.

There is no error.

In this opinion the other judges concurred.