WILLIAM L. STONE *v.* LAURIE BASTARACHE ET AL.

SPEZIALE, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued June 3—decision released August 24, 1982

*David J. Heinlein,* with whom, on the brief, was *Robert L. Hirtle, Jr.,* for the appellant (plaintiff).

*Ernest J. Mattei,* with whom, on the brief, were *James J. Tancredi* and *Joseph J. Kempf, Jr.,* for the appellees (defendants).

SPEZIALE, C. J. This is an action by the plaintiff, William L. Stone, for personal injuries arising from an explosion which occurred on August 7, 1973, in the basement of the plaintiff's home after he attempted to light the-pilot light of the water heater he had rented from the defendant Laurie Bastarache. The plaintiff alleged that the explosion was due to the negligence of the defendant Bastarache. After a trial to the jury, a general verdict was returned in favor of the defendants. The trial court denied the plaintiff's motion to set aside the verdict; and the plaintiff appealed from the judgment rendered, claiming two errors in the trial court's instructions to the jury.

The jury could reasonably have found the following facts: The defendant Bastarache was an agent of the defendant Lehigh Gas, Division of National Propane Corporation. The plaintiff and his family were tenants at premises located at 38 Oliver Road, Enfield. The premises contained a Rheem water heater which the plaintiff rented from the defendants. On August 7, 1973, the pilot light went out and the plaintiff was attempting to light the pilot light when an accumulation of gas exploded, blowing out a side of the plaintiff's home and causing the plaintiff to sustain injuries.

The plaintiff's complaint sets forth a cause of action in negligence, including allegations that the defendant Bastarache installed an improper replacement valve in the plaintiff's water heater, failed to check or replace the improper valve when the plaintiff complained that "puffing" noises were being made upon ignition of the pilot light, and failed to replace the water heater when the plaintiff requested him to do so.

In answer to the complaint, the defendants denied being negligent and, by way of special defense, alleged that the plaintiff was contributorily negligent and that such contributory negligence was a substantial factor in causing the explosion.

On appeal, the plaintiff has claimed error in the trial court's instructions to the jury regarding the plaintiff's burden of proof and regarding damages.

# I

The plaintiff claims that the trial court erred in instructing the jury that the plaintiff had the burden of demonstrating that the defendant Bastarache had notice of the specific unsafe condition of the

control valve attached to the water heater. Because the general verdict rule is dispositive, we do not address this claim of error.

As previously noted, the defendants answered the plaintiff's complaint with both a denial of negligence and a special defense based upon contributory negligence of the plaintiff. At the conclusion of the trial, the parties did not request the court to submit interrogatories to the jury "for the purpose of explaining or limiting a general verdict." Practice Book § 312. The jury returned a general verdict for the defendants.

Where a jury has rendered a general verdict, on appeal we are unable to determine whether the case against the defendant was resolved on the basis of either the plaintiff's failure to prove the case or the defendant's successful assertion of a special defense. *Cross* v. *Huttenlocher,* 185 Conn. 390, 400, 440 A.2d 952 (1981); *Knight Realty Co.* v. *Caserta,* 126 Conn. 162, 166–69, 10 A.2d 597 (1939). It is presumed, therefore, that the jury found every issue in favor of the defendants. *LaFleur* v. *Farmington River Power Co.,* 187 Conn. 339, 342, 445 A.2d 924 (1982); *Colucci* v. *Pinette,* 185 Conn. 483, 489, 441 A.2d 574 (1981); *Johnson* v. *Pagano,* 184 Conn. 594, 595–96, 440 A.2d 244 (1981); *Kosko* v. *Kohler,* 176 Conn. 383, 385–86, 407 A.2d 1009 (1978); *Burcaw* v. *Sykora,* 173 Conn. 229, 230, 377 A.2d 298 (1977); *Hally* v. *Hospital of St. Raphael,* 162 Conn. 352, 362–63, 294 A.2d 305 (1972); *Kelly* v. *Bliss,* 160 Conn. 128, 131–32, 273 A.2d 873 (1970); *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* 151 Conn. 463, 466, 199 A.2d 698 (1964); 76 Am. Jur. 2d, Trial § 1111.

The defendants' denial of negligence and their allegation of contributory negligence constitute two separate and distinct defenses, either one of which could support the jury's general verdict. *LaFleur* v. *Farmington River Power Co.*, supra, 342; see *Colucci* v. *Pinette,* supra, 489; *Hanken* v. *Buckley Bros., Inc.*, 159 Conn. 438, 442–43, 270 A.2d 556 (1970); *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A.2d 187 (1951). If "the court's instructions are shown to be proper and adequate as to any one of the defenses raised, the general verdict will stand irrespective of any error in the charge as to the others." *Johnson* v. *Pagano,* supra, 596; see *LaFleur* v. *Farmington River Power Co.*, supra, 343; *Colucci* v. *Pinette,* supra, 490; *Kosko* v. *Kohler,* supra, 385–86; *Messina* v. *Iannucci,* 174 Conn. 275, 276–77, 386 A.2d 241 (1978); *Kelly* v. *Bliss,* supra, 132; *Gennallo* v. *Mazzacane,* 144 Conn. 686, 689, 137 A.2d 534 (1957); *Meglio* v. *Comeau,* supra, 553–54; Maltbie, Conn. App. Proc. § 56.

In this case the plaintiff has not taken issue with the court's instructions on contributory negligence. Because the jury are presumed, as a consequence of their general verdict, to have found for the defendants on their special defense of contributory negligence, we do not consider the plaintiff's claims of error in the instructions on the defendants' negligence.

## II

The plaintiff also claims that the court erred when it instructed the jury that "this is not a give-away program." The plaintiff contends that the remark was indicative of the judge's personal negative view of the plaintiff's claim, tantamount to the judge stating that the plaintiff did not prove his

case and was merely requesting a handout. We agree that the trial court was wrong in so instructing the jury.

A judge presiding over a jury trial must never indicate by comment or conduct his or her personal views about the validity of a party's position. The judge must always comport himself or herself with the highest degree of impartiality. "[T]he trial judge should be cautious and circumspect in his [or her] language and conduct. He [or she] should refrain at all times from indulging in any improper remarks that may injure a litigant in the eyes of the jury." *Felix* v. *Hall-Brooke Sanitarium,* 140 Conn. 496, 502, 101 A.2d 500 (1953).

The judge's comment regarding "a give-away program" was unfortunate because it was subject to possible misinterpretation; however, in the context of the entire charge it was harmless error.

There is no error.

In this opinion the other judges concurred.