[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO SET ASIDE VERDICT ANDFOR A NEW TRIAL
The plaintiff brought this action to recover damages for personal injuries received as a result of an automobile accident which occurred on August 17, 1992 on Burnside Avenue in the Town of East Hartford. The plaintiff at the time was sixteen years of age. The evidence was started and completed on March 26, 1997 and in preparation for arguments and charge to the jury on the morning of March 26, 1997, the plaintiff's counsel presented a set of requests to charge which were discussed. On the morning of March 26, 1997 plaintiff's counsel submitted a supplemental request to charge, as appended hereto, on "Negligence Care Required of a Minor." Although authority is cited, no case authority was cited. The court refused to give the supplemental request. The jury requested a clarification of the 50% comparative negligence charge. After the clarification was made the jury returned with a. verdict for the defendant. The plaintiff now moves to set aside the verdict in that she was (1) prejudiced by the court's refusal to give her requested supplemental request on the standard of care required by a minor; CT Page 1785 (2) prejudiced by; the court instructing on the specification of negligence alleged in the defendant's special defense; and (3) that the verdict was against the weight of the evidence on the issue of negligence.
 I.
In ordinary negligence, including the operation of a motor vehicle, the standard of care of a minor is measured by the standard of conduct which w ill vary according to his age, judgment and experience. Mahon v. Heim, 165 Conn. 251, 254-5. However in statutory negligence, where a violation of the statute is negligence per se, such negligence applies to minors of the age of sixteen or over pursuant to G.S. 52-217. Id. 256-7. Not only did the defendant in his answer deny the allegations of the plaintiff of his negligence but by way of special defense alleged the negligence of the plaintiff including a specification that plaintiff's unreasonable speed was a violation of G.S. 14-218a. Plaintiff's supplemental request to charge made no provision for G.S. 52-217.
The jury returned a general verdict for the defendant. Neither party had requested interrogatories to be presented to the jury pursuant to P.B. 312. The defendant denied any negligent conduct on his part in his answer to the complaint and also raised the plaintiff's comparative negligence as a special defense. Thus if any of the court's instructions are shown to be proper and adequate as to any one of the defenses raised, the general verdict will stand irrespective of any error in the charge as to the others. Colucci v. Pinette, 185 Conn. 483,489-90.
 II.
There was ample evidence to consider any of the specifications of negligence of the defendant's special defense. The plaintiff testified that the night was dark. rainy, the surface of the road slipper, cars parked along both sides of the street, and saw traffic coming toward her by their headlights. Mr. Swanson testified that the roadway was fifty feet wide with two west-bound lanes and two eastbound lanes with each outside lane four feet wider than the inside lanes to accommodate for parking, and the road was straight for a considerable distance in the area of the accident. The defendant testified that he had looked in both directions and saw nothing close and crossed the CT Page 1786 two eastbound lanes to the left west-bound lane and had proceeded some distance west when struck from the rear by the plaintiff. The officer's report measured the distance from the driveway to the point of the impact as thirty-six feet. The plaintiff testified that she did not see the defendant's vehicle until it was at the center line and when she braked, her wheels locked and she skidded into the rear of the defendant's car. Not only was there ample evidence for the jury to make their decision but the jurors were free to evaluate the credit of the respective witnesses.
 III.
The court, unlike the plaintiff, is unwilling to speculate on the reason for the jury's request to clarify the comparative negligence rule. Such action could arise, after the jury found that the plaintiff failed to prove the defendant negligent, from one juror wanting to make sure he understood the rule for his own personal knowledge.
For the above reasons the motion is denied.
Corrigan, JTR.