ROSALIE H. SAVARESE *v.* JOSEPH M. HART, EXECUTOR
(ESTATE OF HELEN E. HART)

BOGDANSKI, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued March 10—decision released April 7, 1981

*Linda J. Sullivan,* with whom, on the brief, was *Griswold Morgan,* for the appellant (plaintiff).

*Allyn L. Brown, Jr.,* with whom, on the brief, was *P. Michael Lahan,* for the appellee (defendant).

PER CURIAM. The named plaintiff appealed to the Superior Court from the admission to probate of the will of Helen E. Hart. The sole issue of fact before the jury was whether Helen E. Hart had testamentary capacity at the time she executed the will. The jury returned a verdict for the defendant Joseph M. Hart, executor under the will of Helen E. Hart. After judgment, the plaintiff moved to set aside the verdict which the court denied; from the judgment on the verdict, the plaintiff has taken this appeal.

On the appeal, the plaintiff has raised and briefed two issues: (1) whether the court's charge to the jury was weighted in favor of the proponent of the will so as to take the case away from the jury; and (2) whether the admission of the testimony of Joseph Hart after the close of the proponent's case in chief constituted reversible error.

The plaintiff has failed to comply with Practice Book § 3060F (c) (2) which provides: "When error is claimed in the charge to the jury, the brief shall include a verbatim statement of all relevant portions of the charge and all relevant exceptions to the charge. Evidence relevant to the claimed error shall be printed in narrative form with appropriate references to the page or pages of the transcript."

Accordingly, we decline to review the charge to the jury. It does not appear that a strict adherence to this rule will cause surprise or injustice. Practice Book § 3164. Moreover, the plaintiff concedes that the exception taken on the jury charge was withdrawn.

As to the second claim, the plaintiff concedes that trial counsel for the plaintiff agreed to the order of proof which was then followed by the court. The plaintiff's later objection to the testimony of Joseph M. Hart should not allow her to avoid her earlier stipulation.

There is no error.