ERNEST HENDERSON *v.* LEONARD L. LEVY, ADMINISTRATOR (ESTATE OF JOSEPH TRAMONTANO)

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued March 10—decision released April 14, 1981

---

*Kenneth J. Mulvey, Jr.,* for the appellant (defendant).

*Alvin Murray,* for the appellee (plaintiff).

PER CURIAM. This case arises out of a motor vehicle accident, the admission of liability, and a trial limited to the question of damages. The plaintiff, Ernest Henderson, sued the defendant, Leonard L. Levy, the administrator of the estate of Joseph Tramontano, for personal injuries arising out of a motor vehicle collision that occurred in Woodbury on March 8, 1977. The jury returned a verdict for the plaintiff in the amount of $400,000 which the trial court refused to set aside. From the subsequent judgment, the defendant has appealed.

The defendant has raised two issues on this appeal. He claims that the trial court erred in its instructions to the jury by failing fully to discuss the evidence and in its denial of the defendant's motion to set aside the verdict because its amount was excessive. We find no error.

The defendant's challenge to the trial court's instructions to the jury has not been presented properly in this court, and we therefore decline to consider it. Section 3060F (c) (2) of the Practice Book provides: "When error is claimed in the charge to the jury, the brief shall include a verbatim statement of all relevant portions of the charge and all relevant exceptions to the charge. Evidence relevant to the claimed error shall be printed in narrative form with appropriate references to the page or pages of the transcript." References in a brief to pages of the trial transcript do not constitute compliance with a rule requiring a verbatim statement. It does not appear that a strict adherence to

this rule will cause surprise or injustice; Practice Book § 3164; *Savarese* v. *Hart,* 183 Conn. 416, 418, 439 A.2d 386 (1981); especially when the claim of error relates to a matter which lies largely in the discretion of the trial court.

The defendant's attack on the jury's verdict on the ground that it was excessive in amount is equally unavailing. This court has, on several recent occasions, reviewed the standard by which such a claim is measured, and has emphasized the deference which must be accorded to the denial by the trial court of a motion to set aside a verdict. *Kiniry* v. *Danbury Hospital,* 183 Conn. 448, 439 A.2d 408 (1981); *Pisel* v. *Stamford Hospital,* 180 Conn. 314, 343, 430 A.2d 1 (1980); *Birgel* v. *Heintz,* 163 Conn. 23, 28, 301 A.2d 249 (1972). There was evidence which the jury might have believed in arriving at their verdict in favor of the plaintiff that he was 49 years old at the time of the accident and then in good health after working for 30 years as a truck driver; that he had incurred medical bills in the amount of $25,000; and that he was permanently and totally disabled as a result of the accident. A verdict of $400,000 under these circumstances does not so shock the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption.

There is no error.