JOSEPH SZACHON, JR. *v.* TOWN OF WINDSOR ET AL.
(10428)

FOTI, LAVERY and FREEDMAN, Js.

Argued October 5—decision released December 29, 1992

*Neil A. McPhail,* with whom, on the brief, was
*Philip K. Meister,* for the appellant (plaintiff).

*John W. Bradley, Jr.,* with whom, on the brief, was *John S. Rosania,* for the appellee (named defendant).

*Andrew J. O'Keefe,* with whom were *Peter K. O'Keefe* and, on the brief, *Maureen Sullivan Dinnan,* for the appellee (defendant Central Paving Company, Inc.).

FOTI, J. The plaintiff appeals from a judgment for the defendants, rendered after a jury trial, in an action for personal injuries. The plaintiff brought this action against the defendant town of Windsor in two counts, the first under the defective highway statute, General Statutes § 13a-149, and the second under a common law absolute nuisance theory. A third count was directed against the defendant Central Paving Company, Inc., and claimed negligence. The plaintiff claims that the trial court (1) abused its discretion in admitting into evidence certain testimony and documents related to the plaintiff's blood and urine tests, and (2) improperly instructed the jury on contributory negligence. The defendants have raised the additional issue of whether the general verdict rule precludes our review of the plaintiff's claims. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On August 28, 1985, at approximately 10 p.m., the plaintiff was involved in a motorcycle accident on Prospect Hill Road near its intersection with Day Hill Road in Windsor. There were no witnesses to the accident, which did not involve any other vehicles. The area was under reconstruction at the time, with the work being done by Central Paving. The plaintiff alleged that the accident was caused by a "depressed area or a trench or indentation" filled with sand, gravel and stone across the middle of Prospect Hill Road. The jury returned general verdicts for the defendants on each of the three counts separately.

As a preliminary matter we first address the defendants' claim that the general verdict rule applies and, therefore, that any error by the trial court in admitting evidence or instructing the jury should be considered harmless. "The so-called general verdict rule provides that, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. *Stone* v. *Bastarache*, 188 Conn. 201, 204, 449 A.2d 142 (1982); *Collucci* v. *Pinette*, 185 Conn. 483, 489, 441 A.2d 574 (1981). The rule applies whenever a verdict for one party could reasonably be rendered on one or more distinct causes of action; see *Matthews* v. *F.M.C. Corporation*, 190 Conn. 700, 706, 462 A.2d 376 (1983); or distinct defenses. See *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.*, 151 Conn. 463, 466, 199 A.2d 698 (1964). A party desiring to avoid the effects of the general verdict rule may elicit the specific grounds for the verdict by submitting interrogatories to the jury. Alternatively, if the action is in separate counts, a party may seek separate verdicts on each of the counts. *Ziman* v. *Whitley,* 110 Conn. 108, 113–15, 147 A. 370 (1929)." *Finley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 202–203, 520 A.2d 208 (1987).

"The application of the general verdict rule . . . does not depend on the niceties of pleading but on the distinctness and severability of the claims and defenses raised at trial." Id., 203. "[I]t is the distinctness of the defenses raised, and not the form of their pleading, that is the decisive test governing the applicability of the general verdict rule. *Meglio* v. *Comeau,* 137 Conn. 551, 553–54, 79 A.2d 187 (1951). 'If the defenses are clearly distinct, the fact that one has not been specially pleaded . . . will not prevent the application of the rule.' *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* supra, 466 . . . ." (Citations omitted.) Id., 203–204.

The plaintiff's third count against Central Paving alleged negligence. Central Paving filed a special defense of contributory negligence. At trial, the plaintiff requested that eighteen interrogatories be submitted to the jury. That request was denied by the court, which found the interrogatories to be too numerous and confusing. "[I]nterrogatories are ordinarily submitted at the discretion of the trial court"; *Burns* v. *Koellmer,* 11 Conn. App. 375, 389, 527 A.2d 1210 (1987); but the plaintiff may receive protection against the application of the general verdict rule by the use of *properly framed* interrogatories. *Hammer* v. *Mount Sinai Hospital,* 25 Conn. App. 702, 708, 596 A.2d 1318, cert. denied, 220 Conn. 933, 599 A.2d 384 (1991). "A court has a duty to grant a . . . *proper request* for interrogatories when there are two or more causes of action." (Emphasis added.) Id.

The plaintiff argues that under *Pedersen* v. *Vahidy,* 209 Conn. 510, 552 A.2d 419 (1989), a party's merely *requesting* the court to submit interrogatories to the jury will prevent application of the general verdict rule. We do not agree with this reading of the case. In *Pedersen,* our Supreme Court stated that "where the court has denied a *proper request for interrogatories* . . . the general verdict rule does not apply so as to preclude appellate review of the error relating to any ground upon which the jury may have rested its verdict and to which an *appropriate interrogatory* has been directed." (Emphasis added.) Id., 514. In *Pedersen,* the trial court had denied the defendant's request for submission of interrogatories, the jury returned a general verdict for the plaintiff, and the trial court later denied the defendant's motion to set aside the verdict. On appeal, the defendant's arguments were directed at the trial court's instructions to the jury and its failure to grant a mistrial. The plaintiff countered with two procedural arguments: first, that the defendant's submis-

sion of the interrogatories had been untimely; and second, that, because the defendant had not relied on the trial court's refusal to submit the interrogatories as a ground for his motion to set aside the verdict, he was precluded on appeal from relying on this refusal as a reason for not applying the general verdict rule.

The defendant in *Pedersen* did not appeal from the trial court's denial of its request to submit interrogatories to the jury. Id., 517. Nor did the plaintiff "on appeal maintain that submission of the interrogatories would have been inappropriate . . . ." Id., 514. The court therefore never squarely addressed whether the defendant had made a "proper request for interrogatories" that was then denied by the trial court. Moreover, the court concluded that the general verdict rule was inapplicable, not because the defendant had *requested* the submission of interrogatories to the jury, but because the defendant had "made every reasonable effort to protect himself from the consequences of such a verdict" and could not "at the time he prepared his motion to set aside the verdict . . . anticipate that the general verdict rule would be invoked . . . ." Id., 517.

Here, the trial court refused to submit the requested interrogatories because they were not properly framed. Under *Pedersen*, the plaintiff was not required to include the court's refusal as an independent ground for seeking a new trial. On appeal, however, he must make such a claim in order to obtain appellate review of the appropriateness of those interrogatories, so that this court may determine whether the trial court properly exercised its discretion. The plaintiff's failure to do so deprives us of the benefit of briefs and oral arguments by both parties regarding the appropriateness of the requested interrogatories. We cannot determine whether the court denied a "proper request for interrogatories," which denial would preclude application

of the general verdict rule and permit "appellate review of error relating to any ground upon which the jury may have rested its verdict and to which an appropriate interrogatory has been directed." Id., 514.

Since the plaintiff has not, on appeal, challenged the trial court's denial of his request for submission of interrogatories to the jury, he cannot now claim that the trial court abused its discretion when it determined that the interrogatories were not properly drawn. "Every reasonable presumption will be made in favor of the trial court's proper exercise of its discretion. *State* v. *Beckenbach,* 198 Conn. 43, 47, 501 A.2d 752 (1985)." *State* v. *Graham,* 21 Conn. App. 688, 703, 575 A.2d 1057, cert. denied, 216 Conn. 805, 577 A.2d 1063 (1990); *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 538, 429 A.2d 801 (1980). We must presume that in rendering a general verdict the jury found every issue in favor of the defendant Central Paving. *Stone* v. *Bastarache,* supra, 204. The defendant's denial of negligence and its allegation of contributory negligence constituted two separate and distinct defenses, either of which would support the jury's general verdict. *Spitzer* v. *Haims & Co.,* 217 Conn. 532, 551–52, 587 A.2d 105 (1991). Therefore, irrespective of any finding of the jury regarding the plaintiff's contributory negligence, we may presume that the plaintiff did not sustain his burden of proof on his claim of negligence. Any possible error in the trial court's instructions to the jury on Central Paving's special defense of contributory negligence was harmless. Id., 552–53.

The defendant town also claims application of the general verdict rule. The plaintiff's first count alleged a breach of the town's statutory duty under General Statutes § 13a-149.[1] His second count sounded in nui-

[1] General Statutes (Rev. to 1985) § 13a-149 provides in part: "DAMAGES FOR INJURIES BY MEANS OF DEFECTIVE ROADS AND BRIDGES. Any person

sance. To recover under the first count, the plaintiff had to "prove, by a fair preponderance of the evidence, (1) that the highway was defective as claimed; (2) that the [town] actually knew of the particular defect or that, in the exercise of its supervision of highways in the [town], it should have known of that defect; (3) that the [town], having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." *Lukas* v. *New Haven,* 184 Conn. 205, 207, 439 A.2d 949 (1981).

The plaintiff, by his complaint, alleged not only the defect, but also that he was in the exercise of due care at the time of his injury. The plaintiff was required to prove these essential allegations of his complaint. *Janow* v. *Ansonia,* 11 Conn. App. 1, 8, 525 A.2d 966 (1987). Since there is no presumption under General Statutes § 13a-149[2] that the plaintiff was exercising due

injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation, unless the action is commenced by complaint setting forth the injury and a general description of the same and of the cause thereof and of the time and place of its occurrence, within the time limited for the giving of such notice. . . ."

[2] Generally, there is a presumption of reasonable care in negligence cases. General Statutes § 52-114 provides: "PLEADING OF CONTRIBUTORY NEGLIGENCE. In any action to recover damages for negligently causing the death of a person, or for negligently causing personal injury or property damage, it shall be presumed that such person whose death was caused or who was injured or who suffered property damage was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence is relied upon as a defense, it shall be affir-

care at the time of his injury, the plaintiff was required to prove, not only the defect, but also that he was not contributorily negligent. *McGloin* v. *Southington,* 15 Conn. App. 668, 675, 546 A.2d 906, cert. denied, 209 Conn. 813, 550 A.2d 1083 (1988). The town denied both the existence of the alleged defect and the plaintiff's allegation of due care. These denials disavowed separate obligatory claims raised by the first count of the plaintiff's complaint. *Curry* v. *Burns,* 27 Conn. App. 439, 442, 606 A.2d 731, cert. granted, 223 Conn. 904, 610 A.2d 176 (1992).

The jury returned a general verdict, making it impossible to know whether the jury resolved the first count on the basis of the plaintiff's failure to prove that a defect existed or his failure to prove that, even if a defect did exist, he was exercising due care and was not contributorily negligent. There is no indication that the evidence was insufficient, as a matter of law, to support either basis for the verdict. *Batick* v. *Seymour,* 186 Conn. 632, 641, 443 A.2d 471 (1982). We conclude that the town's denials constituted two distinct defenses to the allegations in the plaintiff's complaint. The general verdict rule therefore applies, and we may presume that the jury found both issues in favor of the town, that is, that no defect existed and that any injuries the plaintiff sustained were the result of his own negligence.

In *Hall* v. *Burns,* 213 Conn. 446, 484–85 n.9, 569 A.2d 10 (1990), our Supreme Court stated in dicta that the general verdict rule does not apply when the defendant makes a general denial of the plaintiff's claims that the road was defective and that the defect was the sole proximate cause of the accident. The court

matively pleaded by the defendant or defendants, and the burden of proving such contributory negligence shall rest upon the defendant or defendants."

indicated that such denials are not distinct and severable defenses, but "mere denials of components of the only cause of action the plaintiff has alleged, i.e., that the defendant has breached the statutory duty imposed on him by § 13a-144." Id., 485 n.9.

There is no question in the present case that had the town, in addition to denying the plaintiff's allegations under the first count, filed a special defense of contributory negligence, and had the jury returned a general verdict, the town would have been able to claim the benefits of the general verdict rule, since both the general denial and the special defense would constitute distinct and severable defenses. Here, however, the town did not file such a special defense. As we pointed out in *Janow* v. *Ansonia,* supra, the town was not obligated to do so, since the town does not bear the burden of proving contributory negligence. Rather, it is the plaintiff who bears the burden of pleading and proving his *lack* of contributory negligence. Id.

We believe that it would be unreasonable to preclude the town from claiming the benefits of the general verdict rule simply because it chose not to file a special defense that it was not obligated to file. Moreover, there is no difference, except as to burden of proof, between a special defense of contributory negligence, as pleaded by a defendant, and an allegation by the plaintiff in his complaint that he was exercising due care and not contributorily negligent. The jury's duty is the same in either case. We point out that it is not the form of the pleading that determines whether the general verdict rule applies, but rather the distinctness of the defenses raised. *Finley* v. *Aetna Life & Casualty Co.,* supra, 203. Under the circumstances, we conclude that the town's denials constituted two distinct defenses to the allegations of the plaintiff's complaint,

and the general verdict rule precludes our review of the plaintiff's challenge to the court's instructions on contributory negligence.

The town also claims that the general verdict rule precludes our review of issues related to the plaintiff's second count, which sounds in nuisance. The plaintiff did not allege that he was in the exercise of due care, as he did in the first count, but the town did file a special defense alleging the plaintiff's negligence in one or more of thirteen ways.[3] As previously discussed, because no interrogatories were submitted to the jury, we cannot determine on what basis the jury reached its conclusion. We must therefore presume that the jury

[3] The town's special defenses as to the second count were:

"1. Any injuries or losses alleged to have been sustained by the plaintiff were proximately caused by his own negligence and carelessness.

"2. The plaintiff, Joseph Szachon, Jr., was negligent in one or more than one of the following ways:

a. he was inattentive;

b. he failed to have his motorcycle under proper control;

c. he failed to stop or turn to the left or right to avoid the accident although it was practical to do so;

d. he failed to make reasonable use of his senses and facilities;

e. he failed to act as a reasonably prudent person as his senses and facilities were impaired by the use of alcohol and/or drugs;

f. he operated his motorcycle with defective brakes in violation of Connecticut General Statutes Section 14-80i;

g. he failed to operate his motorcycle at a reasonable rate of speed having due regard to the width, traffic and use of said highway and the weather conditions then and there prevailing in violation of Connecticut General Statutes Section 14-218a;

h. he failed to operate his motor vehicle at a reasonable rate of speed in violation of Connecticut General Statutes Section 14-219;

i. he failed to stop his motorcycle in obedience to a stop sign in violation of Connecticut General Statutes 14-301;

j. he operated his motorcycle recklessly in heedless disregard for his own safety;

k. he operated his motorcycle with a defective head lamp in violation of Connecticut General Statutes Section 14-96x;

l. although he knew or should have known of the construction in progress, he failed to stop or slow his motorcycle in response thereto; and

m. he operated his motorcycle with unsafe tires."

found both issues in favor of the town, namely, that the condition did not constitute a nuisance and that the plaintiff's injuries were proximately caused by his own negligence and carelessness. Any error by the trial court as to the admission of evidence regarding the plaintiff's negligence or its instructions to the jury on that issue must be deemed harmless under the general verdict rule.

Accordingly, we conclude that the verdicts for both Central Paving and the town must be sustained.

The judgment is affirmed.

In this opinion the other judges concurred.