[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a personal injury action brought on behalf of the plaintiff, Gary L. Pote: against the defendant, City of Norwalk, pursuant to General Statutes 13a-149, the defective highway statute. The complaint alleges that in May of 1985, Pote was riding his bicycle near the intersection of Ohio Avenue and Hudson CT Page 7991 Street in Norwalk, when he was struck by a automobile operated by Kathleen Pagnano. Plaintiff alleges that the accident and resulting injuries were caused by the defendant city having permitted automobiles to park on Ohio Avenue, which in turn forced other vehicles, such as the one being operated by Pagnano, to cross the center line of Ohio Avenue to the oncoming traffic lane where Pagnano struck the plaintiff.
The defendant city has moved (#220) for summary judgment on the grounds that the plaintiff's complaint fails to state a cause of action in that the plaintiff fails to allege sole proximate cause, and also because Pote was negligent per se, thereby ruling out liability on the part of the city because of the sole proximate cause doctrine. Sanzone v. Board of Police Commissioners,219 Conn. 179, 197, 592 A.2d 912 (1991) ("Section 13a-149 does not permit recovery unless the defect was the sole proximate cause of the injury, even if the concurring cause was a third party's negligence"). See also Szachon v. Windsor, 29 Conn. App. 791, 797,618 A.2d 74 (1992) ("the defect must have been the sole proximate cause of the injuries and damage claimed, which means that the plaintiff must prove freedom from contributory negligence") (Internal quotation marks omitted).
"Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Bank Trust v. Carriage Lane Associates,219 Conn. 772, 780-81, 595 A.2d 334 (1991). "A genuine issue has been variously described as a `triable', `substantial' or `real' issue of fact. . . and has been defined as one which can be maintained by substantial evidence." United Oil Co. v. Urban Redevelopment Comm'n., 158 Conn. 364, 378, 260 A.2d 596 (1969). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." Na-Mor, Inc. v. Roballey,24 Conn. App. 215, 217, 587 A.2d 427 (1991). Once the movant presents evidence supporting a motion for summary judgment, the nonmovant is obliged to present evidence demonstrating the existence of a disputed factual issue. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11, 459 A.2d 115 (1983).
On June 3, 1992, the undersigned denied a previous motion (#164) for summary judgment filed by defendant. In addition to a claim that the notice of injury was insufficient, defendant also contended in its earlier motion that the plaintiff failed to allege CT Page 7992 a defect in the highway within the scope of General Statutes13a-149; that any such defect involved the design of the roadway which, according to defendant, is not encompassed within the highway defect statute; and that Ohio Avenue exceeded the standards for a urban local street in terms of width. The undersigned indicated in a memorandum of decision that these contentions by the defendant City of Norwalk all presented issues of fact to be resolved by the trier of facts.
The current motion by defendant for summary judgment contends that the plaintiff has "failed to state a claim upon which relief can be granted" and that there is no issue of fact that Gary Pore "was negligent per se." The first argument is that while Pore claimed he was exercising due care at the time of the accident, he failed to allege in his complaint that the alleged defect in the highway was the "sole proximate cause" of his injuries. Defendant argues that White v. Burns, 213 Conn. 307, 567 A.2d 1195 (1990), requires that this allegation be asserted in a 13a-149 highway Norwalk also claims that Pote was negligent per se because he violated General Statutes 14-286b, and that his contributory negligence bars recovery. This statute provides that: "Every person operating a bicycle upon a roadway shall ride as near to the right side of the roadway as practicable exercising due care when passing a standing vehicle. . . ., The defendant claims that the point of collision between the bicycle and the Pagnano vehicle was 13 feet from the right or north side of the curb on Ohio Avenue, and that no cars were parked along the right side of this road in the vicinity of the accident.
In response to the motion for summary judgment, the plaintiff concedes that White v. Burns, supra, requires proof of sole proximate cause at trial, but argues that the use of those exact words in a complaint in a complaint is not required, and that in any event plaintiff alleged that he was exercising due care at the time of the collision, which is the functional equivalent of claiming sole proximate cause. The court agrees that White (where the complaint alleged that the injuries were not solely caused by the state), does not mandate inclusion of the exact words "sole proximate cause" in a complaint. In addition, the complaint in the Present action claims that liability exists for the breach of the statutory duty imposed by General Statutes 13a-149. In Quarello v. City of Meriden, 2 Conn. L. Reptr. 675 (1990) (Aronson, J.), the court thoroughly analyzed the issue of whether sole proximate cause must be pled. Judge Aronson stated that: ". . . the greater weight of authority does not require sole proximate cause to be pled, but CT Page 7993 has obtained from the other party a disclosure on oath, respecting the matters alleged in any pleading, the disclosure shall not be deemed conclusive, but may be contradicted like any other testimony." Moreover, as stated in Esposito v. Wethered, 4 Conn. App. 641,645, 496 A.2d 222 (1985), "[a] response to a question propounded in a deposition is not a judicial admission and may be contradicted at trial."
For the reasons stated above, defendant City of Norwalk's motion for summary judgment is denied.
RUSH, J.