[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was filed in April, 1993 by the minor plaintiff Karen Weiss and by her mother and next friend, plaintiff Bonnie Weiss, who allege that on May 11, 1991, while stepping off a broken and crumbling concrete curb located at the corner of Bertolf Road and Reed Lane in Greenwich, the minor plaintiff fell and sustained serious injuries. Counts one and two of the revised amended complaint, dated June 30, 1993, are directed to the Town of Greenwich (Town) and the Greenwich Housing Authority, Inc. (Housing Authority), and are brought under the defective highway statute, General Statutes 13a-149. Counts three and four are directed against the Housing Authority and assert nuisance claims.
The Housing Authority filed two special defenses which allege that the minor plaintiff was contributorily negligent and that the action against it is barred due to plaintiffs' failure to comply with the notice regulations in General Statutes 8-67[1]. The Town filed a cross claim against the Housing Authority which alleges that it is entitled to indemnification based upon active/passive negligence. The Town asserts that while it had since 1960, accepted as public highways the roads within the public housing project "from inside of curb to inside of curb" with the knowledge and agreement of the Housing Authority, the maintenance and repair of the curbs themselves, as well as the sidewalks, was within the exclusive control of the Housing Authority.
The Housing Authority has now filed a motion (#129) to strike the cross claim on the grounds that, as a matter of law, the Town is not entitled to indemnification under a theory of active/passive negligence when it has been found liable under the defective highway statute, as such statute requires a finding that the Town's conduct was the sole proximate cause of the injury. CT Page 372
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90,93, 463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34,36, 552 A.2d 1235 (1987). "`The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or cause of action, the [motion to strike] must fail.' (Citation omitted.)" Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545,427 A.2d 822 (1980).
The Housing Authority argues that the Town's cross claim should fail as a matter of law because it would preclude a finding that the Housing Authority's conduct was the sole and direct cause of the minor plaintiff's injuries as required under an active/passive negligence theory. In response, the Town argues that under a defective highway claim, the plaintiffs must prove that the defect or dangerous condition of a highway was the sole proximate cause of the minor plaintiff's injury. The Town claims that proof of sole proximate cause of the injury will not resolve the issue of what caused the defect.
To recover for a claim under the defective highway statute, General Statutes 13a-149, a plaintiff must prove:
 "(1) that the highway was defective as claimed; (2) that the [town] actually knew of the particular defect or that, in the exercise of its supervision of highways in the [town], it should have known of that defect; (3) that the [town], having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence."
Szachon v. Windsor, 29 Conn. App. 791, 797, 618 A.2d 74
(1992), quoting Lukas v. New Haven, 184 Conn. 205, 207,439 A.2d 949 (1981). "The sole proximate cause doctrine . . . has CT Page 373 never been extended to the cause of the defect, but only as to whether the defect in the public highway was the sole proximate cause of the plaintiff's injuries." Joyce v. Madison, 3 Conn. L. Trib. 700 (July 28, 1988, Berdon, J.).
There is a split in the Superior Court regarding whether a municipality which is a defendant in an action under the defective highway statute may assert an indemnification claim against a third party. See Watkins v. City of Hartford, 4 Conn. L. Rptr. 111
(May 5, 1991, Corrigan, J.) (court denied motion to strike third party claim brought by City against Metro District Commission); Joyce v. Madison, supra, (court denied motion to strike third party claim by town against gas company); but see Malaver v. City of Waterbury, 9 CTLR 105 (May 12, 1993, Pittman, J.) (court granted motion to strike cross claim brought by city against property owner, finding that a successful verdict against city could only be after finding that city's negligence was sole proximate cause of injury); Cremisi v. Town of Manchester,4 Conn. L. Rptr. 284 (July 8, 1991, Hennessey, J.) (court granted motion to strike third-party action brought by town against operator of vehicle involved in accident); Kuchinsky v. Ansonia,2 Conn. L. Rptr. 544 (October 12, 1990, Fuller, J.) (court granted motion to strike cross claim brought by city against property owner, noting that city only liable if sole proximate cause of plaintiff's injuries).
Since what the plaintiff must prove in order to prevail on a defective highway claim is "that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence;" (emphasis added), Szachon v. Windsor, supra, 797; the plaintiff might in theory be able to recover from both the Housing Authority and the Town for the defect. Furthermore, the Appellate Courts have not addressed this issue, and this court would not rule as a matter of law in the context of a motion to strike that municipalities may not bring indemnification claims against third parties in defective highway actions. Accordingly, the Housing Authority's motion to strike the Town's cross claim is denied.
Rubenstein Ury for plaintiff.
Greenwich Town Attorney for defendant. CT Page 374