[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Town of Greenwich's (Town) motion dated January 23, 1995 to reargue the court's decision dated January 5, 1995, 13 CONN. L. RPTR. 245 (1995), which denied the Town's motion for summary judgment is denied.
The Town contends that the court did not consider the second ground of its motion for summary judgment, which claimed that the plaintiffs' allegation of joint liability against the Town and the Greenwich Housing Authority, Inc. (Housing Authority) does not satisfy the requirement of proving sole proximate cause against the Town as required by General Statutes § 13a-149. This issue was, however, addressed by the court in its decision denying the Housing Authority's motion to strike the Town's cross claim dated October 23, 1993.
Specifically, the court noted that "[t]he sole proximate cause doctrine . . . has never been extended to the cause of the defect, but only as to whether the defect in the public highway was the sole proximate cause of the plaintiff's injuries." See Memorandum of Decision dated January 20, 1994 (Lewis, J.). The court held CT Page 435 that in order to prevail on a defective highway claim, the plaintiff must prove "that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." See Memorandum of Decision dated January 20, 1994 (Lewis, J.), quoting Szachon v. Windsor, 29 Conn. App. 791, 797,618 A.2d 74 (1992). Therefore, the court held that the plaintiff "might in theory be able to recover from both the Housing Authority and the Town for the defect."
Accordingly, based upon the previous decision of the court, and the existence of a genuine issue of material fact as to whether the defect was the sole proximate cause of the injuries and damages claimed by the plaintiff, the motion to reargue is denied. Practice Book § 204B.