# CZESLAWA NIKIEL ET AL. *v.* MICHAEL J. TURNER, JR., ET AL.
## (AC 30553)

Gruendel, Robinson and Alvord, Js.

Argued December 9, 2009—officially released March 9, 2010

*Sydney T. Schulman,* for the appellant (named plaintiff).

*Thomas R. Gerarde,* with whom was *Alan R. Dembiczak,* for the appellee (defendant town of Wethersfield).

*Opinion*

GRUENDEL, J. In this trip and fall action, the plaintiff Czeslawa Nikiel appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendant town of Wethersfield.[1] On appeal, she alleges instructional error. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. During the early evening of April 30, 2003, the plaintiff was walking on the easterly side of Middletown Avenue in Wethersfield. The plaintiff resided several blocks away and regularly, over the course of years, walked from her home down Middletown Avenue as a means of exercise. Despite the existence of sidewalk on significant portions of Middletown Avenue, the plaintiff elected to walk in the street. While walking on Middletown Avenue on this particular occasion, she tripped

---

[1] The original complaint included claims against Wethersfield public works director Michael J. Turner, Jr., and Wethersfield town manager Bonnie Therrien in their official capacities, as well as a claim for loss of consortium by Nikiel's husband, Kazimierz Nikiel. On October 30, 2008, Turner, Therrien and the town moved to dismiss those claims on the ground that "the highway defect statute is the sole exclusive remedy," which motion the court granted. Accordingly, Czeslawa Nikiel on November 5, 2008, filed an amended complaint, naming as the sole defendant the town of Wethersfield. In light of that procedural history and the consistent reference to the plaintiff in the singular form by her attorney at trial and in this appeal, we refer in this opinion to Czeslawa Nikiel as the plaintiff and the town of Wethersfield as the defendant.

and fell to the ground in front of 428 Middletown Avenue, sustaining physical injury. It is undisputed that a sidewalk existed adjacent to that location.

The plaintiff subsequently commenced a civil action pursuant to General Statutes § 13a-149, commonly referred to as the municipal highway defect statute. See *McIntosh* v. *Sullivan*, 274 Conn. 262, 266 n.4, 875 A.2d 459 (2005). A trial followed, at the conclusion of which the jury returned a general verdict in favor of the defendant and the court rendered judgment accordingly. From that judgment, the plaintiff appeals.

The plaintiff contends that the court improperly instructed the jury on General Statutes § 14-300c (a), titled "Pedestrian use of roads and sidewalks," which provides in relevant part that "[n]o pedestrian shall walk along and upon a roadway where a sidewalk adjacent to such roadway is provided and the use thereof is practicable. . . ." The court instructed the jury that "[i]f you find that there was a sidewalk adjacent to the area of Middletown Avenue where [the plaintiff] allegedly fell, and it was practicable, practical for her to use such sidewalk, then [the plaintiff] is negligent per se and cannot prove that the alleged defect in the roadway was the sole proximate cause of her injuries." We disagree with the plaintiff that this instruction was improper.

The applicable standard of review is well established. "[J]ury instructions are to be read as a whole, and instructions claimed to be improper are read in the context of the entire charge. . . . A jury charge is to be considered from the standpoint of its effect on the jury in guiding it to a correct verdict. . . . The test to determine if a jury charge is proper is whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . Jury instructions need not be exhaustive,

perfect or technically accurate, so long as they are correct in law, adapted to the issues and sufficient for the guidance of the jury. . . . Our standard of review on this claim is whether it is reasonably probable that the jury was misled." (Citation omitted; internal quotation marks omitted.) *Beckenstein* v. *Reid & Riege, P.C.*, 113 Conn. App. 428, 440–41, 967 A.2d 513 (2009).

The plaintiff's legal argument centers on her reliance on General Statutes (Rev. 2006) § 14-300 (d), now (f), which provides that "[i]n any civil action arising under subsection (c) of this section or sections 14-300b to 14-300d, inclusive, the doctrine of negligence per se shall not apply." That argument misses the mark, as it overlooks the fact that the present litigation arises under § 13a-149. It further ignores the fact that our General Assembly has mandated that noncompliance with § 14-300c (a) "shall be an infraction." General Statutes § 14-300c (e).

The sole appellate authority cited in support of the plaintiff's position is *Peterson* v. *Meehan*, 116 Conn. 150, 154, 163 A. 757 (1933). From that decision, the plaintiff extrapolates the principle that "[a] pedestrian is not guilty of negligence as a matter of law in walking upon the roadway rather than on a sidewalk, even if the sidewalk is usable." Id. Close examination reveals that *Peterson* is inapplicable to the present case.

First and foremost, the mandate of § 14-300c did not exist at the time *Peterson* was decided. As the Supreme Court noted in that 1933 opinion, the defendants had requested a jury charge "to the effect that if there is a sidewalk upon which a pedestrian can walk and he walks in the street instead, he is guilty of negligence, *though he is not obligated by law to use the sidewalk.*" (Emphasis added.) Id. In analyzing the propriety of the trial court's denial of that request, the Supreme Court

emphasized that "[i]n the absence of statutory or municipal regulations affecting the question, the pedestrian has equal rights in the street with the operator of an automobile." (Internal quotation marks omitted.) Id. That our legislature subsequently enacted a law prohibiting pedestrians from walking along and upon a roadway where a sidewalk adjacent to such roadway is provided and the use thereof is practicable; General Statutes § 14-300c (a); and made noncompliance therewith an infraction; General Statutes § 14-300c (e); diminishes, if not defeats, the precedential force of that decision. In addition, it is noteworthy that *Peterson* involved a negligence action against private individuals, not an action against a municipality under the municipal highway defect statute. As such, the *Peterson* court properly held that "it was incumbent upon the defendant in this case to allege and prove the contributory negligence of the plaintiff's decedent." *Peterson* v. *Meehan,* supra, 116 Conn. 153. In contrast, the burden rests with the plaintiff in an action brought under § 13a-149 to demonstrate freedom from contributory negligence. *Lukas* v. *New Haven,* 184 Conn. 205, 207, 439 A.2d 949 (1981). *Peterson* thus offers little aid to the plaintiff's cause.

As this court recently observed, "[b]ecause a plaintiff seeking recovery under § 13a-149 must prove that the defect was the sole proximate cause of her injuries, it follows that the plaintiff must demonstrate freedom from contributory negligence." *Nicefaro* v. *New Haven,* 116 Conn. App. 610, 621, 976 A.2d 75, cert. denied, 293 Conn. 937, 981 A.2d 1079 (2009). A finding that the plaintiff failed to comply with the mandate of § 14-300c (a) cannot be reconciled with a determination that she is free from contributory negligence. Whether termed negligence per se, a presumption of negligence or evidence of negligence; see, e.g., *Ward* v. *Greene,* 267 Conn. 539, 548, 839 A.2d 1259 (2004) (" 'Where the court

adopts the requirements of a legislative enactment as the standard of conduct of a reasonable person, a violation of the enactment may constitute negligence per se, or create a presumption of negligence, or make out a prima facie case of negligence, or constitute evidence of negligence, depending on the legal doctrine followed in a particular jurisdiction . . . .' 57A Am. Jur. 2d 669–70, Negligence § 743 [1989]."); it suffices to say that failure to comply with § 14-300c (a) demonstrates negligence on the part of the plaintiff. Because recovery under § 13a-149 requires, inter alia, proof of "freedom from contributory negligence"; *Lukas* v. *New Haven*, supra, 184 Conn. 207; the court correctly instructed the jury that a finding of noncompliance with § 14-300c (a) precludes recovery under the municipal highway defect statute. We thus conclude that the instruction provided by the court was correct in law, was adapted to the issues and provided sufficient guidance to the jury.

The plaintiff also claims that the court abused its discretion in denying her request that the court instruct the jury to begin its deliberation with her verdict form, which contained a series of interrogatories.[2] It is undisputed both that the court, in its instructions, explained the plaintiff's verdict form to the jury and that the form was presented for its consideration. "[T]he purpose of interrogatories [is] to elicit a determination of material facts, [and] to furnish the means of testing the correctness of the verdict rendered, and of ascertaining its extent. . . . The power of the trial court to submit proper interrogatories to the jury, to be answered when returning [its] verdict, does not depend upon the consent of the parties or the authority of statute law. In

---

[2] A copy of the plaintiff's verdict form, entitled "Jury Interrogatories and Verdict," was included in the appendix to the defendant's appellate brief. In addition, subsequent to oral argument before this court, the trial court granted the plaintiff's motion for rectification of the trial court record regarding that form.

the absence of any mandatory enactment, it is within the reasonable discretion of the presiding judge to require or to refuse to require the jury to answer pertinent interrogatories, as the proper administration of justice may require. . . . The trial court has broad discretion to regulate the manner in which interrogatories are presented to the jury, as well as their form and content." (Citations omitted; internal quotation marks omitted). *Viera* v. *Cohen*, 283 Conn. 412, 449–50, 927 A.2d 843 (2007). On our careful review of the record, we conclude that the court did not abuse its discretion in denying the plaintiff's request.

The judgment is affirmed.

In this opinion the other judges concurred.