******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOANN ARTESE *v.* TOWN OF STRATFORD
(AC 36965)

Lavine, Mullins and Borden, Js.

*Argued March 16—officially released September 15, 2015*

(Appeal from Superior Court, judicial district of
Fairfield, Tyma, J.)

*Michael S. Casey*, for the appellant (defendant).

*Jerome A. Lacobelle, Jr.*, for the appellee (plaintiff).

*Opinion*

MULLINS, J. In this trip and fall action, the defendant town of Stratford appeals from the judgment of the trial court, rendered after a court trial, in favor of the plaintiff, Joann Artese. The defendant challenges the court's finding that the plaintiff was not contributorily negligent as clearly erroneous. We affirm the judgment of the trial court.

The court reasonably could have found the following facts. On the evening of October 20, 2012, at approximately 7 p.m., the plaintiff went for walk with her friend, Robert Denhup, on Lordship Road in Stratford. The plaintiff and Denhup walked in the street because there was no adjacent sidewalk. As the two walked side by side, at approximately 7:30 p.m., the plaintiff's left foot went into a pothole and she fell to the ground, sustaining a physical injury.

The plaintiff subsequently commenced this civil action pursuant to General Statutes § 13a-149, commonly referred to as the municipal highway defect statute. See *McIntosh* v. *Sullivan*, 274 Conn. 262, 266 n.4, 875 A.2d 459 (2005). In her complaint, the plaintiff alleged that a pothole in the roadway, which constituted a dangerous and defective condition, caused her to trip, and that the defendant knew or should have known about the defect but failed to remedy it. The plaintiff alleged further that she exercised due care at the time of the fall, and that she "was injured as a result of the sole and proximate cause of said defect . . . ." The defendant filed an answer in which it alleged, as a special defense, that the plaintiff's injuries were proximately caused by her negligence. A court trial followed, at the conclusion of which the court, through an oral decision, found in favor of the plaintiff and rendered judgment accordingly.[1] From that judgment, the defendant appeals.

We begin by setting forth the applicable law and standard of review. "In enacting § 13a-149, our legislature imposed a penalty upon the municipality, measured by the actual injury caused by its disobedience of the statute, and enforceable by the person injured through an action on the statute . . . . To recover under § 13a-149, a plaintiff must prove, by a fair preponderance of the evidence, (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." (Internal quotation

marks omitted.) *Lombardi* v. *East Haven*, 126 Conn. App. 563, 573–74, 12 A.3d 1032 (2011).

"Whether the plaintiff was contributorily negligent is a question of fact subject to the clearly erroneous standard of review.[2] . . . Because a plaintiff seeking recovery under § 13a-149 must prove that the defect was the sole proximate cause of her injuries, it follows that the plaintiff must demonstrate freedom from contributory negligence.[3] . . . To do so, a plaintiff must have suffered injury while using the defective highway with due care and skill." (Citations omitted; footnotes added; internal quotation marks omitted.) Id., 577–78.

In the present case, the court concluded that the plaintiff had demonstrated all four elements of § 13a-149 and, accordingly, rendered judgment in her favor. The only determination that the defendant challenges in this appeal is that the defect in the road was the sole proximate cause of the plaintiff's injury. More specifically, the defendant argues that the court improperly concluded that the plaintiff was not contributorily negligent.

The defendant claims that the court should have determined that the plaintiff was not free from contributory negligence because she did not comply with General Statutes § 14-300c (a). Specifically, he contends that pursuant to § 14-300c (a), the plaintiff was required, but failed, to "walk as near as practicable to an outside edge of such roadway" where, as here, there was no adjacent sidewalk or shoulder.[4] See *Nikiel* v. *Turner*, 119 Conn. App. 724, 729, 989 A.2d 1088 (2010) (court correctly instructed jury that finding pedestrian's noncompliance with § 14-300c [a] precluded recovery under § 13a-149 where pedestrian elected to walk in middle of roadway and tripped despite existence of adjacent sidewalk, which statute required be used in such situation).[5] We are not persuaded.

Here, the plaintiff and Denhup both testified that, on the evening of October 20, 2012, the two walked in the roadway because there was no adjacent sidewalk. The plaintiff testified further that she could not have avoided stepping into the pothole and could not have been more careful when she was walking that evening. After considering that testimony, and carefully reviewing photographs of the pothole and its position in the roadway, the court determined that the pothole, in fact, was not in the middle of the road. On the basis of that conclusion, in conjunction with the testimony presented, the court found that the plaintiff had complied with § 14-300c (a) by walking as close as practicable to the side of the road.[6] In other words, the plaintiff was not contributorily neglect and, therefore, the highway defect was the sole proximate cause of her injury.

In sum, there was ample evidence in the record to support the court's conclusion that the plaintiff walked

as close as practicable to the side of the road and, therefore, complied with § 14-300c (a). As the sole arbiter of credibility, the court was free to credit that evidence and to find that the plaintiff exercised due care. See *Cadle Co.* v. *D'Addario*, 268 Conn. 441, 462, 844 A.2d 836 (2004) ("In a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony. . . . It is within the province of the trial court, as the fact finder, to weigh the evidence presented and determine the credibility and effect to be given the evidence." [Citation omitted; internal quotation marks omitted.]).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Following the conclusion of the plaintiff's case, the defendant moved for a directed verdict. The court denied that motion.

[2] "[F]actual findings of a trial court . . . are reversible only if they are clearly erroneous. . . . This court cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported." (Internal quotation marks omitted.) *Brown* v. *State Farm Fire & Casualty Co.*, 150 Conn. App. 405, 415–16, 90 A.3d 1054, cert. denied, 315 Conn. 901, 104 A.3d 106 (2014).

[3] As previously noted, the defendant had filed a special defense alleging contributory negligence. It was not required to do so, however. In an action brought under § 13a-149, "the town [is] not obligated to [file a special defense alleging contributory negligence], since the town does not bear the burden of proving contributory negligence. Rather, it is the plaintiff who bears the burden of pleading and proving his [or her] *lack* of contributory negligence." (Emphasis in original.) *Szachon* v. *Windsor*, 29 Conn. App. 791, 799, 618 A.2d 74 (1992).

[4] Here, there is no dispute that no sidewalk or shoulder was adjacent to the roadway. In such a case, § 14-300c (a) provides in relevant part: "Where neither a sidewalk nor a shoulder adjacent to a roadway is provided each pedestrian walking along and upon such roadway shall walk as near as practicable to an outside edge of such roadway . . . ."

[5] We note that *Nikiel* pertained to a portion of § 14-300c (a) different from the pertinent portion in the present case. In *Nikiel*, a plaintiff pedestrian tripped after she elected to walk within a roadway despite the existence of an adjacent sidewalk. *Nikiel* v. *Turner*, supra, 119 Conn. App. 725–26. In a situation like that, § 14-300c (a) requires, in relevant part, that "[n]o pedestrian shall walk along and upon a roadway where a sidewalk adjacent to such roadway is provided and the use thereof is practicable. . . ." In the present case, however, there was no sidewalk adjacent to the roadway on which the plaintiff could have walked. Thus, the only portion of § 14-300c (a) at issue here is the portion that addresses a roadway with no sidewalk or shoulder present. In that portion of the statute, § 14-300c (a) merely required the plaintiff to walk "as near as practicable to an outside edge of" the road.

[6] The defendant claims that the plaintiff failed to demonstrate that she was not contributorily negligent because, in her testimony at trial, she indicated that there was nothing preventing her from walking closer to the grass and that she chose to walk in the middle of the street. According to the defendant, this testimony amounted to admissions by the plaintiff that she violated § 14-300c (a) and was contributorily negligent. We disagree.

The evidence in the record, including photographs that indicated that the pothole was not in the middle of the roadway, supports the court's conclusion that the plaintiff was walking as close as practicable to the outside edge of the roadway when she was injured. Moreover, as observed by the court, the plaintiff never testified that she was not as close as practicable to the

side of the road. The court was free to credit the evidence that it found to be persuasive.

———————————————