[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE (#102)
On August 5, 2002, the plaintiff, Annette Michaud, filed an eight-count complaint against the defendants, St. Paul's Housing Corporation (St. Paul's), Van-Court Property Management Services, Ltd. (Van-Court), Northeast Utilities Service Company (Northeast Utilities) and Connecticut Light and Power Company (CLP). The plaintiff alleges that she sustained injuries when she was caused to trip and fall over a curb in the parking lot of her apartment building due to insufficient lighting. She further alleges that the luminaries in the area where she fell were broken. (Complaint, count eight, ¶ 10.) Counts one, four, five and seven allege, respectively, negligence, private nuisance, recklessness and a violation of General Statutes § 42-110b, Connecticut Unfair Trade Practices Act (CUTPA), against St. Paul's. Counts two and six allege negligence and private nuisance, respectively, against Van-Court. Finally, counts three and eight allege negligence and a CUTPA violation, respectively, against Northeast Utilities and CLP.
On September 11, 2002, the defendants, Northeast Utilities and CLP, filed a motion to strike count eight of the complaint, accompanied by a memorandum of law, on the ground that it fails to state a valid cause of action.[1] On October 7, 2002, the plaintiff filed a memorandum in opposition to the defendants' motion to strike. The motion to strike was argued before The Honorable Andre Kocay on November 12, 2002. Judge Kocay died before rendering a decision on the motion. Having familiarized myself with the record and the proceedings, I have determined that this motion can be decided by this court without prejudice to any party and issue this decision by the authority vested in me by General Statutes § 51-183f as interpreted by the Appellate Court. Stevens v. HartfordAccident and Indemnity Co., 29 Conn. App. 378, 383-86 (1981).
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim CT Page 4447-ba upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505
(2001). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
The defendants move to strike count eight of the complaint on the ground that it fails to state a cause of action, pursuant to General Statutes § 42-110a, et seq. (CUTPA) for the following five reasons: First, the plaintiff fails to allege that the defendants were engaged in trade or commerce; Second, the plaintiff fails to allege the existence of a consumer relationship;[2] Third, the plaintiff's claim fails to satisfy the criteria required by the cigarette rule under CUTPA; Fourth, the plaintiff fails to allege more than a single act; Fifth, the defendants' alleged conduct is exempt from CUTPA because they are a heavily regulated industry.[3]
The plaintiff sets out five arguments in support of her opposition to the defendants' motion to strike: First, the plaintiff concedes that she did not specifically plead the words trade or commerce in count eight; however, she argues that she has alleged that the defendants were engaged in the distribution of electrical services; Second, the plaintiff contends that she is not required to allege a consumer relationship in order to claim a CUTPA violation; Third, the plaintiff argues that she has alleged recklessness in count eight of the complaint, therefore, she is not required to satisfy the criteria established under the cigarette rule; Fourth, the plaintiff argues that a single act is sufficient to raise a CUTPA violation. The plaintiff cites Johnson Electric Co. v.Salce Contracting Associates, Inc., 72 Conn. App. 342, 805 A.2d 735
(2002), in support of this argument.[4] Finally, the plaintiff argues that the defendants are not exempt from CUTPA as a matter of law and cites Connecticut Light Power Co. v. Clark, supra,17 Conn.L.Rptr. 37, in support of this argument.
 A. CT Page 4447-bb
The defendants argue that the plaintiff did not sufficiently plead a CUTPA cause of action because she failed to allege the defendants were engaged in trade or commerce. The defendants further argue that the plaintiff has only alleged that they owned and were responsible for the luminaries. The defendants contend that because the plaintiff has failed to allege that they were engaged in trade or commerce, then she has failed to plead a cause of action under CUTPA. The defendants cite Quimbyv. Kimberly Clark Corp., 28 Conn. App. 660, 669, 613 A.2d 838 (1992), in support of this argument.
The plaintiff argues that she has alleged that the defendants were engaged in trade or commerce. Specifically, the plaintiff argues that it is "implied and/or is common knowledge that as a public utilities the Defendants provide or distribute electrical services." (Plaintiff's Memorandum in Opposition, p. 4.) It is the plaintiff's contention thatQuimby v. Kimberly Clark Corp., supra, is not applicable to the present case because the issue in Ouimby involved an employer/employee relationship. The plaintiff concludes that when the complaint is read in a light most favorably to her, then she has "adequately allege[d] that the Defendants were acting within their trade or commerce when they failed to maintain the luminaries in question." (Plaintiff's Memorandum in Opposition, p. 5.)
"No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). "To state a claim under CUTPA, the plaintiff must allege that the actions of the defendant were performed in the conduct of `trade or commerce.'" Muniz v. Kravis, 59 Conn. App. 704,711, 757 A.2d 1207 (2000)." `Trade' and `commerce' means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a (4). "A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S Textile Mills,Inc. v. Brown, Jacobson, Tillinghast, Lahan King, P.C.,32 Conn. App. 786, 797, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). The plaintiff must specifically allege that the defendants were engaged in trade or commerce. See Ricketts v. Sheresky, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 99 0175446 (November 21, 2000, Lewis, J.T.R.) (28 Conn.L.Rptr. 680);Yuille v. Bridgeport Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 98 0358902 (May 11, 1999, Nadeau, J.) (24 Conn.L.Rptr. 555). CT Page 4447-bc
The plaintiff alleges that the defendants "owned the luminaries . . . and/or were responsible for the maintenance, control, possession, inspection and care of said luminaries." (Complaint, count eight, ¶ 8.) The plaintiff also alleges that the defendants "had a duty to (1) maintain the luminaries, so as to properly light and illuminate the area in question; (2) make repairs and replacements to said luminaries; and (3) furnish and maintain said luminaries." (Complaint, count eight, ¶ 9.) The plaintiff further alleges that the defendants' "acts and conduct . . . in not maintaining the premises in a safe condition in contravention of C.G.S § 47-7 (a)(3) constitutes unfair or deceptive acts or practices prohibited by C.G.S. § 42-110b et. seq."[5]
(Complaint, count eight, ¶ 16.) By alleging that the defendants owned the luminaries and were responsible for their maintenance, the plaintiff has alleged that the defendants were engaged in trade or commerce of selling and/or distributing electrical or illumination services. Accordingly, the plaintiff has pleaded sufficiently that the defendants were engaged in trade or commerce as required under §42-110b (a).
 B.
The defendants next argue that the plaintiff has failed to allege that defendants' practices were immoral, unethical, unscrupulous or offensive to public policy in order to satisfy the criteria of the cigarette rule required under CUTPA. The defendants contend that all three requirements of the cigarette rule must be satisfied in order to state a cause of action under CUTPA. The defendants argue that the plaintiff has merely alleged negligence in count eight of the complaint. The defendants conclude that "such negligent conduct simply does not fall within the ambit of activities actionable under CUTPA." (Defendants' Memorandum, p. 5.)
The plaintiff argues in response that she has alleged a recklessness claim in count eight of the complaint; therefore, she is not required to satisfy all three elements of the cigarette rule. The plaintiff argues in the alternative that she has sufficiently alleged that the defendants' conduct was immoral, unethical, oppressive and unscrupulous as required by the cigarette rule. The plaintiff strongly contends that the defendants' failure to maintain the luminaries "was unscrupulous or unlawful in that they failed to protect the public . . . from danger . . . which they are required to do by Conn. Regs. § 16-11-102 (a)." (Plaintiff's Memorandum in Opposition, p. 7.)
"In order to establish that the defendants' conduct was wanton, CT Page 4447-bd reckless, wilful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts . . . [Such conduct] is more than negligence, more than gross negligence . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." Shay v. Rossi, 253 Conn. 134, 181, 749 A.2d 1147
(2000). "[A] negligence count cannot be transformed into a recklessness count without alleging additional factual allegations that would alter the nature of the conduct complained of from negligence to recklessness."Mazza v. Connecticut Light and Power, Superior Court, judicial district of Waterbury, Docket No. CV 96 0130546 (February 25, 1998, Kulawiz, J.).
Nowhere in count eight of the complaint does the plaintiff even use the word recklessness or allege that the defendants' actions were reckless. The plaintiff fails to allege even as a conclusion of law that the defendants' actions were reckless, nor does she allege any facts supporting a claim of recklessness. The plaintiff fails to allege the consciousness of the defendants or that their actions were unreasonable or that the defendants' acts and/or omissions departed from the standard of ordinary care. The plaintiff has not sufficiently alleged a cause of action in recklessness, but instead has alleged a cause of action sounding in negligence.
"It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen] . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." Journal Publishing Co. v. Hartford Courant Co., 261 Conn. 673, CT Page 4447-be 695-96, 803 A.2d 311 (2002). "[T]he first prong [of the cigarette rule], standing alone, is insufficient to support a CUTPA violation, at least when the underlying claim is grounded solely in negligence." A-G Foods,Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 217, 579 A.2d 69 (1990). "If a claim does not set forth how or in what respect the [defendant's] alleged activities are either immoral, unethical, unscrupulous or offensive to public policy . . . [a] motion to strike is granted, because a CUTPA claim requires those allegations." (Internal quotation marks omitted.) Channer v. Channel Three News, Superior Court, judicial district of Norwich-New London at New London, Docket No. CV 01 0559328 (May 21, 2002, Hurley, J.T.R.). See also Princeton Capital Finance Co.LLC v. Webster Bank, Superior Court, judicial district of Hartford, Docket No. CV 99 0590676 (February 4, 2002, Peck, J.) (31 Conn.L.Rptr. 36). "In order to withstand a motion to strike for legal insufficiency, the plaintiff must allege practices or methods of trade by the defendant that can be described as immoral, unethical, oppressive, unscrupulous or offensive to public policy." Marten Transport, Ltd. v. MacDermid, Inc., Superior Court, judicial district of Waterbury, Docket No. CV 000160172 (March 26, 2001, Doherty, J.) (29 Conn.L.Rptr. 433).
The plaintiff argues in the alternative that in count eight of her complaint she did sufficiently allege that the defendants' actions were immoral, unethical, unscrupulous or offensive to public policy. The plaintiff alleges that the defendants had a duty to maintain the luminaries and failed to maintain the premise in a safe condition. (Complaint, count eight, ¶¶ 9 and 11.) The plaintiff further alleges that the defendants violated § 16-11-102 (a) of the Regulations of Connecticut State Agencies by "fail[ing] to exercise due care to guard against reasonably foreseeable dangers." (Complaint, count eight, ¶ 11.) These are negligence allegations.
Section 16-11-102 (a) provides: "Accidents: Every utility shall use every effort to properly warn and protect the public from danger and shall exercise all possible care to reduce the hazard to which employees, customers and others may be subjected by reason of its equipment and facilities." In LaFleur v. Farmington River Power Co.,187 Conn. 339, 445 A.2d 924 (1982), our Supreme Court addressed a violation of § 16-11-102 (a) of the Regulations of Connecticut State Agencies. "This regulation has previously been interpreted by this court. In Citerella v. United Illuminating Co., 158 Conn. 600, 607-09,266 A.2d 382 (1969), we concluded that a violation of the regulation would constitute negligence per se." Id., 341-42, n. 3. By alleging a violation of § 16-11-102 (a), count eight of the plaintiff's complaint sounds in negligence. CT Page 4447-bf
The plaintiff fails to allege any facts that the defendants' actions were immoral, unethical, unscrupulous or offensive to public policy. The plaintiff alleges that "the foregoing acts and conduct of the Defendant Northeast and the Defendant CLP in not maintaining the premises in a safe condition in contravention of C.G.S § 47-7 (a)(3) [§ 47a-7
(a)(3)] constitutes unfair or deceptive acts or practices prohibited by C.G.S § 42-110b et. seq." (Complaint, count eight, ¶ 16.) The plaintiff is correct that a violation of § 47a-7 (a)(3) may constitute a CUTPA violation. See Mitchell v. Francis, Superior Court, judicial district of Hartford, Docket No. CV 00 0803216 (February 20, 2001, Wagner, J.T.R.). Section 47a-7 (a)(3), however, sets out a landlord's responsibilities to his tenants. Accordingly, § 47a-7 (a) (3) is not applicable to the defendants because they are not the plaintiff's landlords; therefore, they are not subject to the provisions of § 47a-7 (a)(3).
 CONCLUSION
While the plaintiff has alleged that the defendants were engaged in the electrical service trade or commerce, the plaintiff has failed to allege any facts to support her assertion that the defendants' practices were immoral, unethical, unscrupulous or offensive to public policy or the plaintiff has not alleged sufficient facts to support a CUTPA action. For the above mentioned reasons, the defendants' motion to strike count eight of the complaint is granted.
BY THE COURT
Hon. Vanessa L. Bryant